Scileppi, J.
The question raised in this appeal is whether the courts below have properly annulled a determination of the Board of Appeals of the Village of Scarsdale denying respondent’s application for a variance, and directed issuance of a building permit.
Respondent, Overhill Building Company, is the owner of a four-story building, constructed in 1955, in a Business A zone of the Village of Scarsdale. The building is partially devoted to apartments and partially to office space. In all, there are some 46,000 square feet of business space and there is no question but that since its construction, the business use of this building has been and remains in conformity with zoning regulations (see Scarsdale Village Code, ch. 12, Planning and Zoning, art. 7).
The sole issue involved relates to zoning ordinances which prescribe the number of off-street parking spaces. In 1959, the zoning ordinance was amended to require one off-street parking space for every 150 square feet of floor area in buildings, constructed in business districts, prior to November 1 of that year (id., § 12-16-4, subd. [a]). As applied to this particular property, 306 parking spaces would be required by the ordinance. Respondent’s petition reveals that if now maintains only 117 such spaces and it is conceded that, due to this deficiency in parking spaces, the property has a valid pre-existing nonconforming use.[1]
In 1970, respondent sought to convert some 1,850 square feet of parking space into office space. This conversion would require the elimination of 12 parking spaces and since the area of office space would thereby be increased, additional parking spaces would also be required by the zoning ordinance. The Village Building Inspector refused to grant a building permit because the proposed modification did not comply with the ordinance and subsequently the Board of Appeals denied respondent’s application for a variance on the ground that respondent was attempting to increase a nonconforming use. Additionally, the board, relying on Matter of Sherman v. Gustafson (22 N Y 2d 793), denied the variance because the hardship was self-created.
*453 Respondent thereupon commenced the instant article 78 proceeding and successfully obtained an order annulling the determination of the Board of Appeals. Adopting the rationale that the variance requested should be treated as an area variance, Special Term held that under our decision in Matter of Fulling v. Palumbo (21 N Y 2d 30), a variance should be granted because appellants were unable tor demonstrate that public health, safety or welfare would be served by an application of the off-street parking ordinance at bar. On appeal, the Appellate Division affirmed. However, two Justices in dissent adopted the view that the Board of Appeals had correctly denied the application for the variance because it sought to expand an existing nonconforming use.
In this appeal, appellants have advanced the argument that the courts below have erroneously treated this litigation as a matter involving an area variance. They would have us adopt the view that respondent sought a use variance and contend that since the law does not generally sanction enlargements of nonconforming uses (see, e.g., Matter of Otto v. Steinhilber, 282 N. Y. 71), no variance should be granted.
In our view, and contrary to the protestations of the appellants, the court at Special Term correctly concluded that when courts are faced with applications for variances from zoning regulations which prescribe the number of off-street parking spaces required for a building, the rules relating to area variances , obtain. As Special Term wrote: “ In general an area variance is one which does not involve a use which is prohibited by the zoning ordinance while a use variance is one which permits a use of land which is proscribed (see Anderson, Zoning Law and Practice in New York State, Section 18.04-18.05; Rathkopf, the Law of Zoning and Planning, Section 45-1). In the present case petitioner is seeking to convert 1,850 square feet of garage space to office space, which is a permitted use. Consequently, while the change in this case is not strictly one of area, the variance is to be treated as an area variance (cf. Matter of Village of Bronxville v. Francis, 1 A D 2d 236).” This court affirmed the order of the Appellate Division in the Bronxville case, relied on by Special Term (see 1 N Y 2d 839). Thus, where, as here, property is located in a business zone, and there is no doubt that the use intended (i.e., additional office space) is *454 within the allowed uses for that district, a requested variance is an area variance. Stated differently, respondent’s proposed alteration would conform to approved uses for Business A zones. However, since it is governed by an off-street parking requirement, a limitation on floor area, cases such as Matter of Otto v. Steinhilber (282 N. Y. 71, supra), are inapposite and the instant controversy must be resolved according to the law of area variances.
In Matter of Fulling v. Palumbo (21 N Y 2d 30, 33, supra), this court adopted the rule that ‘ ‘ where the property owner will suffer significant economic injury by the application of an area standard ordinance, that standard can be 'justified only by a showing that the public health, safety and welfare will be served by upholding the application of the standard and denying the variance.” Thus, where property owners will suffer severe financial loss by the operation of the ordinance, they are entitled to a variance unless the zoning authorities can point to some legitimate purpose which would sustain the ordinance (id., at pp. 3A-35; see Rowe St. Assoc. v. Town of Oyster Bay, 27 F Y 2d 973). It is only when such a showing is made by the public authorities, that the property owner, in order to be successful, ‘ ‘ must demonstrate that the hardship caused is such as to deprive him of any use of the property to which it is reasonably adapted, and that, as a result, the ordinance amounts to a taking of his property ” (Matter of Fulling v. Palumbo, 21 N Y 2d 30, 35, supra). It appears, however, that although financial hardship may satisfy the property owner’s initial burden, once the zoning authorities show that the ordinance promotes public health, safety or welfare, mere financial loss is insufficient to require a variance (Rowe St. Assoc. v. Town of Oyster Bay, 27 N Y 2d 973, supra; Matter of 113 Hillside Ave. Corp. v. Zaino, 27 N Y 2d 258; Contino v. Incorporated Vil. of Hempstead, 27 N Y 2d 701, revg. on dissenting opn. at App. Div. 33 A D 2d 1043).
Moreover, these cases make it clear that nothing said in Fulling renders it an abuse of discretion for zoning officials to refuse to grant a variance when confronted with situations of self-imposed hardship (Matter of 113 Hillside Ave. Corp. v. Zaino, 27 N Y 2d 258, 261-262, supra). Thus, generally, where a property owner elects to convert conforming property into *455 nonconforming property, he cannot be heard to complain that the application of the zoning ordinance has resulted in an economic injury to him or that it has deprived him of the reasonable use and enjoyment of his property. This consideration is really nothing more than an observation that where hardship is self-imposed, loss, if any, is not due to an application of the ordinance in question, but rather the result of the property owner’s conduct (Contino v. Incorporated Vil. of Hempstead, 27 N Y 2d 701, revg. on dissenting opn. at App. Div. 33 A D 2d 1043, 1044, supra).
Indeed, we have applied this rule of self-imposed hardship when considering zoning ordinances which require off-street parking. In Matter of Sherman v. Gustafson (28 A D 2d 1082, affd. 22 N Y 2d 793), the Appellate Division reversed an order of the Supreme Court nullifying a zoning board determination denying a variance. The property owner had purchased property and constructed—under an invalid building permit — retail stores without providing off-street parking required under existing zoning regulations. It should be noted, however, that unlike the instant case, the property owner was not attempting to renovate an existing building and no argument was advanced under Fulling, then recently decided. We were confronted with two issues in the Sherman case; namely, whether the petitioners therein were barred from obtaining a variance because their practical difficulty was self-created and whether, in any event, it was an abuse of discretion for the Zoning Board to deny the variance. Both issues were necessary to our decision. Consequently, our affirmance therein leads us to the conclusion that even if we were to decide that the instant case is one of self-imposed hardship or practical difficulty, the issue is nevertheless presented whether the board abused its discretion. More precisely, we must still determine whether the board’s action is sustainable under Fulling. The reason for this is clear. If inquiry ceased once it was determined that a ease of self-imposed hardship is involved, then Fulling would have little meaning since most applications for a variance to build on substandard property or to build in a nonconforming manner can be viewed as eases of self-imposed hardship. Thus, although we have made several clarifications of Fulling (see, e.g., Rowe St. Assoc. v. Town of Oyster Bay, 27 N Y 2d 973, supra; *456 Matter of 113 Hillside Ave. Corp. v. Zaino, 27 N Y 2d 258, supra; Contino v. Incorporated Vil. of Hempstead, 27 N Y 2d 701, revg. on dissenting opn. at App. Div. 33 A D 2d 1043, supra), it is still a viable decision. Accordingly, in this article 78 proceeding, we must address ourselves to the question whether the denial of the variance by the Board of Appeals was an abuse of discretion, and hence, under Fulling, an unconstitutional application of the zoning ordinance to respondent’s property. The courts below have answered this question in the affirmative, finding that the proposed alteration would result in additional income to respondent and that all of the buildings in the district did not conform with the parking requirements of the zoning ordinance. Additionally, Special Term concluded that the appellant zoning authorities had failed to establish that present parking facilities are inadequate.
As in Matter of Fulling v. Palumbo (21 N Y 2d 30, 34, supra), but unlike Rowe St. Assoc. v. Town of Oyster Bay (27 N Y 2d 973, supra), Matter of 113 Hillside Ave. Corp. v. Zaino (27 N Y 2d 258, 262-263, supra) and Contino v. Incorporated Vil. of Hempstead (27 N Y 2d 701, supra), the instant case is one where all surrounding parcels of property are nonconforming. This consideration does not, however, mean that Fulling requires an affirmance herein. Faced with respondent’s showing, in the first instance, of economic loss, we must decide whether the zoning authorities have demonstrated that a legitimate public purpose was to be served by their determination. To be sure, the same question was before us in Fulling, but unlike the instant case, that case dealt with zoning ordinances which made minimum lot size requirements, ostensibly to promote the appearance of the neighborhood. Since all surrounding parcels were substandard, we concluded that no ‘ ‘ reasonable argument * * * [could be] made that the character of the immediate area would be in any way affected by the granting of the variance” (Matter of Fulling v. Palumbo, 21 N Y 2d 30, 34). Hence, there was no justification for the denial of the variance for in such a case there is no detrimental effect on community interests. This is a different situation from that presented at bar. Here the purpose sought to be achieved by the zoning regulations is not the beautification of the neighborhood, but rather public safety in the form of alleviated traffic *457 congestion by requiring adequate parking facilities. That this is a legitimate purpose for a zoning ordinance is a matter which is beyond question (cf. Matter of Sherman v. Gustafson, 28 A D 2d 1082, affd. 22 N Y 2d 793, supra; Stevens v. Town of Huntington, 20 N Y 2d 352). Consequently, even though surrounding parcels are nonconforming, the appellants have nevertheless met their burden of demonstrating that a legitimate public purpose is to be served by the restrictions placed on respondent’s property. They could reasonably determine that further increases in the amount of square feet devoted to business use would be likely to result in traffic problems and that it was necessary to promote public safety, by enacting and applying the ordinance. Thus, the courts below have erroneously substituted their judgment for that employed by the board in evaluating the application for the variance (see People ex rel. Sullivan v. McLaughlin, 266 N. Y. 519).
Inasmuch as a legitimate purpose was established, the decision of the Board of Appeals can only be considered arbitrary if the hardship caused deprives the property owner of any use of the property to which it is reasonably adapted (Matter of Fulling v. Palumbo, 21 N Y 2d 30, 35, supra). In this regard, it is most important that mere financial loss does not constitute hardship within the meaning of this rule (Rowe St. Assoc. v. Town of Oyster Bay, 27 N Y 2d 973, supra; Matter of 113 Hillside Ave. Corp. v. Zaino, 27 N Y 2d 258, supra). Hence, since this is all that respondent has shown, there was an ample basis for the decision reached by the Board of Appeals. Additionally, it should be noted that respondent has not been deprived of the use of its property since it remains a valid apartment and business use.
Lastly, respondent has argued that, in any event, the zoning ordinance at bar is unconstitutional on its face because, when read with other regulations relating to set backs and heights of buildings, it is impossible for any building to be constructed in the district without a loss. This issue was not considered by the courts below, apparently because of the view expressed by Special Term that it was “ conceded . that an article 78 proceeding may not be utilized to review legislative action (Lake- *458 land Water Dist. v. Onondaga County Water Auth., 24 N Y 2d 400, 407).” The case cited supports the observation made by the court. Respondent asserts that Lakeland is distinguishable because it was not a zoning case and argues that in any event Matter of Fulling v. Palumbo (21 N Y 2d 30, supra) requires a different view. We disagree. The question presented in Fulling was not whether the zoning ordinance was unconstitutional, but whether it had been applied to the property therein in an unconstitutional manner. Thus, article 78 proceedings continue to be inappropriate vehicles to test the constitutionality of legislative enactments and respondent’s remedy is an action for a declaratory judgment. Although - it is true that CPLR 103 (subd. [c]) gives the courts the power to treat an article 78 proceeding as an action for a declaratory judgment, this power is conditioned on jurisdiction over the parties. Since, in actions for judgment declaring unconstitutional a legislative act of the village, the village trustees would be necessary parties, CPLR 103 (subd. [c]) is not available to respondent because only the Village Board of Appeals, Building Inspector and Village Engineer are parties to this proceeding. However, pursuant to CPLR 1003, Special Term should have dismissed this part of the petition without prejudice.
Accordingly, the order appealed from should be reversed, with costs and the petition dismissed, without prejudice to any action for a declaratory judgment which respondent, if so advised, may wish to institute.
Chief Judge Fuld and Judges Burke, Bergan, Breitel, Jasen and Gibson concur.
Order reversed, with costs, and matter remitted to Special Term for further proceedings in accordance with the opinion herein.

. Appellants observe in their brief that respondent maintains 199 spaces. The inconsistency is of no consequence since both figures do not conform to the requirements of the ordinance.