■ In the Matter of NATIONAL MERRITT, INC., Respondent, v ROBERT WEIST et al., Constituting the Zoning Board of Appeals of the Village of Briarcliff Manor, Appellants.—In a proceeding pursuant to CPLR article 78 to (1) annul appellants' determination, made December 17, 1973 after a hearing, which denied petitioner's application for certain variances and (2) direct appellants to grant the variances, the appeal is from a judgment of the Supreme Court, Westchester County, dated June 28, 1974, which granted the petition. Judgment reversed, on the law, without costs, determination confirmed and petition dismissed on the merits. The determination under review is supported by substantial evidence adduced at the hearing. Special Term erred in rejecting appellants' findings that petitioner's proposed development "would create serious traffic hazards" and that "the area will be threatened by floods and severe drainage problems." In addition, Special Term erred in disregarding appellants' finding that the variances sought would violate the Wetlands Ordinance of the Village of Briarcliff Manor (Local Laws, 1973, No. 1 of Village of Briarcliff Manor), which was enacted for the public interest and the general welfare of the residents of Briarcliff Manor—to minimize flooding, provide valuable watersheds and protect wildlife, among other things. Indeed, if appellants had granted the variances, the pattern of the village's zoning ordinance would have been entirely disrupted in the subject area (cf. *Van Deusen v Jackson,* 35 AD2d 58, affd 28 NY2d 608). Furthermore, we do not conclude that petitioner made a showing of confiscation. We do not pass upon the constitutionality of this wetlands ordinance, which was enacted two years before the State Legislature enacted article 24 of the Environmental Conservation Law, entitled the Freshwater Wetlands Act (L 1975, ch 614, § 1). This act empowered local governments to "implement a freshwater wetlands protection law or ordinance" (§ 24-0501, subd 1). A legislative act, however, may not be declared invalid in an article 78 proceeding—the proper vehicle being a declaratory judgment action in which the village trustees would be necessary parties (see *Matter of Overhill Bldg. Co. v Delany,* 28 NY2d 449, 458). While the Village of Ossining submitted an *amicus curiae* brief, it at no time became a party to the proceeding. Rabin, Acting P. J., Cohalan, Margett, Brennan and Shapiro, JJ., concur.

■ In the Matter of ROBERT J. PARKER, Petitioner, v MICHAEL J. CODD, as Commissioner of the Police Department of the City of New York, Respondent.—Proceeding pursuant to CPLR article 78 to review respondent's determination dated February 26, 1975, which, after a hearing, found petitioner guilty of certain misconduct and dismissed him as a police officer of the City of New York. Determination confirmed and proceeding dismissed on the merits, without costs. The determination is supported by substantial evidence and the penalty of dismissal is justified. Rabin, Acting P. J., Latham, Cohalan, Margett and Brennan, JJ., concur.