■ ALVIN J. UNGER et al., Respondents, v JOHN T. BRANDT et al., Constituting the Board of Appeals of the Town of Perinton, Appellant.—Judgment unanimously reversed, without costs, and petition dismissed. Memorandum: The Board of Appeals of the Town of Perinton appeals from a judgment annulling and setting aside its decision denying petitioners'

request for an area variance. Petitioners seek a variance to enable them to build a single-family dwelling on their substandard corner lot, situated in a suburban class A residential area in the Town of Perinton. Petitioners purchased the property for $1,000 in 1964 at which time the ordinance involved here was in effect. The ordinance requires a minimum setback of 70 feet and an area of 30,000 square feet for each corner lot. The variance sought is for a 35.25 foot setback and for an area of 16,539 square feet. At the hearing before the board of appeals it was established that two abutting landowners had executed a purchase offer for the parcel in the amount of $1,500, to which petitioners failed to respond. Additionally, one of the abutting landowners introduced an affidavit of a real estate appraiser, estimating the value of the parcel at $800. A petition signed by 15 area residents was presented to the board, requesting that the variance be denied because it would have an adverse effect on other properties in the area. They stated that it would change the character of the neighborhood and substantially detract from the value of their property. It was claimed at the hearing that there was no other variance in the subdivision and that the dimensions of every other property either met or exceeded the minimum set forth in the ordinance. At the conclusion of the hearing, the board denied the variance. The basic principles governing variances in restrictive zoning requirements were established in *Matter of Fulling v Palumbo* (21 NY2d 30). Until it is demonstrated that the public health, safety and welfare will be served by application of the zoning restrictions, the fact that the property owner will suffer a severe financial loss by the operation of the ordinance is sufficient to entitle him to relief. However, "[o]nce it is demonstrated that some legitimate public interest will be served by the restriction, then, before the property owner can succeed in an attack upon the ordinance as applied, he must demonstrate that the hardship caused is such as to deprive him of any use of the property to which it is reasonably adapted, and that, as a result, the ordinance amounts to a taking of his property." *(Matter of Fulling, supra,* p 35.) In a subsequent line of cases the Court of Appeals has refined the *Fulling* doctrine and given it added dimension. In *Matter of Overhill Bldg. Co. v Delany* (28 NY2d 449, 454 [referring to *Rowe St. Assoc. v Town of Oyster Bay,* 27 NY2d 973; *Matter of 113 Hillside Ave. Corp. v Zaino,* 27 NY2d 258; *Contino v Incorporated Vil. of Hempstead,* 27 NY2d 701]), the court stated that "these cases make it clear that nothing said in *Fulling* renders it an abuse of discretion for zoning officials to refuse to grant a variance when confronted with situations of self-imposed hardship". Thus in cases where the hardship is deemed to be self-created or self-imposed, a showing of financial hardship itself does not entitle the owner to a variance. However, the fact that the hardship is self-imposed does not necessarily preclude the petitioner from obtaining a variance. *(Conley v Town of Brookhaven Zoning Bd. of Appeals,* 40 NY2d 309.) If the municipality establishes a legitimate purpose for the restriction, the burden of demonstrating that such restriction is unrelated to the public health, safety and welfare is on the petitioner. In the process of weighing the competing interests of the legitimate needs of the community as opposed to the economic interests of the landowner, the burden of proof varies with the magnitude of the variance sought. "[W]here the change is slight, the more difficult it may be for the municipality to sustain its initial burden of establishing that the restriction is reasonably related to valid governmental interests. Conversely, where the change sought is great, the more difficult it will be for the applicant to demonstrate that the variance will not have a detrimental impact upon the community. Through this approach, the com-

peting interests of the municipality and the property owner may be resolved." *(Matter of National Merritt v Weist,* 41 NY2d 438, 443.) In the case before us, the interest sought to be protected by the ordinance is a legitimate one: the preservation of the quality and character of the neighborhood. *(Matter of National Merritt v Weist, supra; Matter of Overhill Bldg. Co. v Delany, supra; Fulling v Palumbo, supra.)* The variance sought is a substantial one. Petitioners' lot would be the only corner lot in this residential area with a 35-foot rather than a 70-foot setback and its area would be approximately half that of the surrounding properties. Petitioners acquired their property for $1,000 and knew or should have known of this restrictive ordinance. They are not suffering a financial loss inasmuch as they can sell the property to their abutting landowners for $1,500. The determination of the board of appeals in denying the variance was therefore reasonable and supported by the evidence before it. (Appeal from judgment of Monroe Supreme Court—article 78.) Present—Cardamone, J. P., Hancock, Denman, Goldman and Witmer, JJ.