◼ In the Matter of KARL H. SCHRADE et al., Appellants, v DOUGLAS WARING et al., Constituting the Malta Town Zoning Board of Appeals, Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered December 5, 1979 in Saratoga County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a decision of respondents and order that an area variance be granted to petitioners. By deed dated October 13, 1955, petitioners purchased an unimproved lot (hereinafter Parcel A) in the Town of Malta with frontage of 100 feet and a depth of approximately 270 feet. An adjacent lot (hereinafter Parcel B) with frontage of 170 feet was purchased by petitioners by deed dated November 1, 1955. Parcel B was sold by petitioners on May 1, 1978. Petitioners entered into a contingent sale contract on August 21, 1978 for the sale of Parcel A, the contingency being that petitioners obtain a variance to permit the proposed vendee to erect a

one-family dwelling on the parcel. The pertinent zoning map places the first 200 feet in depth of Parcel A in an R-1 zone. The town zoning ordinance was adopted in 1967 and provides that a dwelling cannot be built in an R-1 zone unless on a parcel with minimum frontage of 200 feet and a total lot size of 40,000 square feet. Petitioners applied to respondents for an area variance from the minimum frontage restriction and from the 40,000 square foot restriction. A hearing was held at which evidence was adduced demonstrating that all but two lots in the neighborhood conformed to the frontage requirement of the zoning ordinance. Neighboring landowners also testified at the hearing that granting the desired variance would be detrimental to the neighborhood. Respondents denied petitioners' application, concluding that the requested variance would adversely affect adjoining property owners in regard to sanitary facilities and would be a detrimental change in the character of the neighborhood. It was also determined by respondents that the difficulty encountered by petitioners was self-imposed. The instant proceeding was commenced by petitioners seeking to annul respondents' decision on the grounds that it was contrary to law, arbitrary and capricious and represented an abuse of discretion. Special Term denied petitioners' application and dismissed the petition. This appeal ensued. A zoning board determination concerning an application for a variance may only be set aside where the record reveals illegality, arbitrariness or abuse of discretion and will be sustained if it has a rational basis and is supported by substantial evidence in the record *(Matter of Fuhst v Foley,* 45 NY2d 441, 444; *Matter of Cowan v Kern,* 41 NY2d 591, 598). Initially, it must be determined if strict compliance with the zoning ordinance will result in practical difficulties *(Matter of Fuhst v Foley, supra,* p 445). If a showing of practical difficulty is made, it then becomes incumbent upon the zoning authority to show that enforcement of the zoning ordinance would serve a legitimate public purpose *(Matter of Overhill Bldg. Co. v Delany,* 28 NY2d 449). A legitimate public purpose is served by a municipality in preserving the character of a particular area *(Matter of 113 Hillside Ave. Corp. v Zaino,* 27 NY2d 258). Even if we were to decide that petitioners sufficiently demonstrated practical difficulties, we are of the view that respondents have sustained their burden of demonstrating that a legitimate public purpose is served by the enforcement of the zoning ordinance. The legitimate purpose of the ordinance having been established, petitioners retained the burden of demonstrating that the restrictions are unrelated to the public health, safety and welfare and that the variance will not adversely affect the surrounding community *(Matter of National Merritt v Weist,* 41 NY2d 438). Considering the record in its entirety, we are of the opinion that petitioners failed in this burden and that the decision of the board is supported by substantial evidence, has a rational basis, and is not illegal, arbitrary or an abuse of discretion (see *Contino v Incorporated Vil. of Hempstead,* 27 NY2d 701; *Unger v Brandt,* 58 AD2d 1020). The judgment, therefore, must be affirmed. Judgment affirmed without costs. Mahoney, P. J., Sweeney, Kane, Main and Mikoll, JJ, concur.