■ In the Matter of JERRY G. BERKA et al., Appellants, v WILSON SELTZER et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Incorporated Village of Brightwaters denying the petitioners' application for certain area variances, the petitioners appeal from a judgment of the Supreme Court, Suffolk County (Rohl, J.), dated May 18, 1989, which, *inter alia,* dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

On November 9, 1988, a public hearing was held with respect to the petitioners' application for certain area variances. By letter dated November 15, 1988, the Zoning Board of Appeals of the Incorporated Village of Brightwaters (hereinafter the Board) advised the petitioners that their application had been denied. The petitioners then commenced the instant CPLR article 78 proceeding to review the determination of the Board. Thereafter, on January 31, 1989, while the CPLR article 78 proceeding was still pending, the Board issued a "Decision" setting forth the reasons for the denial of the petitioners' application. The Supreme Court confirmed the Board's determination and dismissed the proceeding.

The petitioners contend that the Supreme Court improperly considered the Board's January 31, 1989, decision which set forth the reasons for its denial of their application for certain area variances, because it was issued more than 62 days after the final hearing of the application on November 9, 1988, in violation of Village Law § 7-712 (2) (c). We disagree.

Although the Board's initial letter of November 15, 1988, did not set forth the Board's reasons for the denial *(see, Matter of Salierno v Briggs,* 141 AD2d 547, 549; *Matter of Farrell v Board of Zoning & Appeals,* 77 AD2d 875, 876-877), the Board's January 31, 1989, decision and findings eliminated that shortcoming. The issuance of the January 31, 1989, decision, while the CPLR article 78 proceeding was pending, merely relieved the Supreme Court of having to remit the matter to the Board for the purpose of issuing a decision that included its reasons for the denial *(cf., Matter of New York City Hous. & Redevelopment Bd. v Foley,* 23 AD2d 84, 86-87, *affd* 16 NY2d 1071; *Matter of Panzer v McConnell,* 6 AD2d 700; 12 NY Jur 2d, Buildings, Zonings and Land Controls, § 324, at 345-346). Thus, the Supreme Court properly considered the later decision.

We have considered the petitioners' remaining contentions and find them to be without merit. Thompson, J. P., Lawrence, Harwood and O'Brien, JJ., concur.