■ In the Matter of IL CLASSICO RESTAURANT, INC., Doing Business as CLASSICO RESTAURANT, Appellant, v FRED COLIN et al., Respondents. [680 NYS2d 107] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Zoning Appeals of the Village of Roslyn Estates, dated September 17, 1996, which, after a hearing, denied the petitioner's application for a parking variance, the petitioner appeals from (1) an order of the Supreme Court, Nassau County (Davis, J.), dated May 21, 1997, which denied the petition, and (2) a judgment of the same court dated July 1, 1997, which dismissed the proceeding.

Ordered that the appeal from the order is dismissed, as no appeal lies as of right from an intermediate order in a proceeding pursuant to CPLR article 78; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The appeal from the order must be dismissed as no appeal lies as of right from an intermediate order in a proceeding pursuant to CPLR article 78 (*see,* CPLR 5701 [b] [1]). In any event, the appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The petitioner, Il Classico Restaurant, Inc., d/b/a Classico Restaurant (hereinafter Classico), operates an Italian restaurant located on Northern Boulevard in the Village of Roslyn Estates in Nassau County. The restaurant occupies a one-story building located on about one-quarter of an acre of land, which includes a small parking lot. The main floor of the building,

which is used as a dining room and bar, has a seating capacity of 95 patrons. Several years ago, Classico began using the basement once or twice a week for private parties.

The zoning code for the Village of Roslyn Estates requires that restaurants have one off-street parking space for every 50 square feet of floor area devoted to patron use. Although the exact measurements are in dispute, assuming that Classico's figures are correct, the restaurant should have 21 parking spaces to accommodate the upstairs use and 26 parking spaces to accommodate the downstairs use. Since there are only 21 spaces in the parking lot on the premises, Classico requested a parking variance. In its application, Classico proposed to make up the deficiency by using the neighboring parking lots, which were vacant during the evening dinner hours. After a public hearing, the Zoning Board of Appeals of the Village of Roslyn Estates (hereinafter the Zoning Board) denied Classico's request for a parking variance. Shortly thereafter, Classico commenced this proceeding pursuant to CPLR article 78 seeking to annul the Zoning Board's determination. The Supreme Court denied Classico's application and dismissed the petition. We affirm.

The Zoning Board properly treated Classico's request for relief from the parking requirements as an area variance (*see, Matter of Overhill Bldg. Co. v Delany,* 28 NY2d 449; *Merrick Gables Assn. v Fields,* 143 AD2d 117). The authority of a village zoning board to grant an area variance is set forth in Village Law § 7-712-b (3), which requires the board to engage in a balancing test by weighing the benefit to the applicant if the variance is granted against the detriment to the health, safety, and welfare of the neighborhood or community. In making that determination, the board must consider the following five factors: "(1) whether an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will be created by the granting of the area variance; (2) whether the benefit sought by the applicant can be achieved by some method, feasible for the applicant to pursue, other than an area variance; (3) whether the requested area variance is substantial; (4) whether the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district; and (5) whether the alleged difficulty was self-created; which consideration shall be relevant to the decision of the board of appeals, but shall not necessarily preclude the granting of the area variance" (Village Law § 7-712-b [3]).

In the present case, the Zoning Board engaged in that balanc-

ing test and concluded that the requested variance was substantial and would have an adverse impact on the surrounding area. In reaching that conclusion, the Board recognized that granting the variance would benefit Classico and that the benefit could not be achieved by any other means. That factor was weighed, however, against the need to alleviate traffic congestion by requiring adequate parking facilities. There is no evidence in this record that the Zoning Board's denial of the parking variance was illegal, arbitrary, and capricious, or an abuse of discretion. Accordingly, its determination should not be disturbed (*see,* CPLR 7803 [3]; *Conley v Town of Brookhaven Zoning Bd. of Appeals,* 40 NY2d 309, 314). Contrary to Classico's contention, the members of a zoning board may rely on their own personal knowledge of the community in deciding a zoning matter (*see,* 2 Anderson, New York Zoning Law and Practice § 25.20 [3d ed]; *Matter of Cowan v Kern,* 41 NY2d 591, 599; *Matter of Community Synagogue v Bates,* 1 NY2d 445, 454).

Classico's remaining contentions are without merit. Bracken, J. P., Copertino, Thompson and Friedmann, JJ., concur.