■ In the Matter of STEPHEN MARRO et al., Appellants, v ZONING BOARD OF APPEALS OF THE CITY OF LONG BEACH et al., Respondents. [731 NYS2d 628] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Zoning Board of Appeals of the City of Long Beach, dated May 28, 1999, which, after a hearing, granted the application of the respondent PL Long Beach, L. L. C., for an area variance, the petitioners appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Nassau County (Joseph, J.), dated March 3, 2000, as denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed insofar as appealed from, with one bill of costs.

Contrary to the petitioners' contention, the respondent Zoning Board of Appeals of the City of Long Beach (hereinafter the ZBA) properly treated that portion of the application of the respondent PL Long Beach, L. L. C. (hereinafter PLLB), which sought relief from certain parking requirements as an area variance, not a use variance (*see, Matter of Overhill Bldg. Co. v Delany,* 28 NY2d 449; *Matter of Il Classico Rest. v Colin,* 254 AD2d 418; *cf., Matter of Off Shore Rest. Corp. v Linden,* 30 NY2d 160).

Further, the ZBA properly applied General City Law § 81-b (4) (b) in considering PLLB's application for certain area variances. The Supreme Court properly concluded that the ZBA's determination granting PLLB its requested variances was not illegal, arbitrary and capricious, or an abuse of discretion (*see, Matter of Khan v Zoning Bd. of Appeals,* 87 NY2d 344, 351-352; *Matter of Sasso v Osgood,* 86 NY2d 374; *Matter of Tarantino v Zoning Bd. of Appeals,* 228 AD2d 511, 512).

The petitioners' remaining contention is without merit. Altman, J. P., Krausman, Florio and Cozier, JJ., concur.