In the Matter of FRED EFRAIM, Appellant, v FRANK C. TROTTA et al., Respondents. [792 NYS2d 621]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Brookhaven, dated March 31, 2003, which, after a hearing, denied the petitioner's application for certain area variances, the petitioner appeals from an judgment of the Supreme Court, Suffolk County (Klein, J.), dated September 3, 2003, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The criteria for determining an application for an area vari-

464

ance are set forth in Town Law § 267-b (3) (b) (*see Matter of David Park Estates v Trotta*, 283 AD2d 429, 430 [2001]). In making its determination under that statute, a zoning board of appeals must "engage in a balancing test, weighing the benefit to the applicant against the detriment to the health, safety and welfare of the neighborhood or community if the variance is granted" (*Matter of Ifrah v Utschig*, 98 NY2d 304, 307 [2002]). The zoning board must also consider whether "(1) an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will be created by the granting of the area variance; (2) the benefit sought by the applicant can be achieved by some other method, feasible for the applicant to pursue, other than an area variance; (3) the requested area variance is substantial; (4) the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district; and (5) the alleged difficulty was self-created" (*id.* at 307-308). Judicial review of the determination of a local zoning board is limited to determining whether the action taken by the board was illegal, arbitrary, or an abuse of discretion (*id.* at 308; *see Matter of Sasso v Osgood*, 86 NY2d 374, 384 [1995]; *Matter of Milburn Homes v Trotta*, 7 AD3d 531 [2004]; *Matter of David Park Estates v Trotta, supra* at 430). Accordingly, "a determination of a zoning board will be sustained if it has a rational basis and is supported by substantial evidence" (*Matter of Milburn Homes v Trotta, supra* at 531; *see Matter of Ifrah v Utschig, supra*).

The Zoning Board of Appeals of the Town of Brookhaven (hereinafter the Board) properly applied Town Law § 267-b (3) (b) in considering the petitioner's application for area variances, and its determination denying those variances was neither arbitrary nor capricious; to the contrary, it was rational and supported by substantial evidence (*see Matter of Mealie v Board of Zoning Appeals of Town of Brookhaven*, 14 AD3d 703, 704 [2005]; *Matter of Milburn Homes v Trotta, supra*; *Matter of Inguant v Board of Zoning Appeals of Town of Brookhaven*, 304 AD2d 831 [2003]; *Matter of David Park Estates v Trotta, supra*).

The petitioner's further contention that the determination was arbitrary and capricious because the Board failed to issue its specific findings and determination until after the instant proceeding was commenced is without merit (*see Matter of Warren v Harris*, 179 AD2d 660 [1992]; *215 E. 72nd St. Corp. v Klein*, 58 AD2d 751 [1977]). Schmidt, J.P., Krausman, Crane and Fisher, JJ., concur.