In the Matter of NORTH SHORE F.C.P., INC., Appellant, v DAVID MAMMINA et al., Respondents. [804 NYS2d 383]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Zoning Appeals of the Town of North Hempstead, dated March 24, 2004, denying the petitioner's application for a conditional use permit, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Covello, J.), entered July 30, 2004, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The determination of a local zoning board is entitled to great deference, and will be sustained as long as it has a rational

basis, is not arbitrary and capricious, and is supported by substantial evidence (*see Matter of Pecoraro v Board. of Appeals of Town of Hempstead*, 2 NY3d 608, 613 [2004]; *Matter of Ifrah v Utschig*, 98 NY2d 304, 308 [2002]; *Matter of Sasso v Osgood*, 86 NY2d 374, 384 [1995]; *Matter of Blattner v Zoning Bd. of Appeals of Town of Mount Pleasant, N.Y.*, 17 AD3d 360 [2005]). In this case, the Board of Zoning Appeals of the Town of North Hempstead (hereinafter the Board) determined that the petitioner's proposal to operate a sandwich shop at the subject location failed to satisfy all of the requisite criteria for the issuance of a conditional use permit (*see generally Matter of Wegmans Enters. v Lansing*, 72 NY2d 1000, 1001 [1988]; *Cummings v Town Bd. of N. Castle*, 62 NY2d 833, 835 [1984]; *Matter of Tandem Holding Corp. v Board of Zoning Appeals of Town of Hempstead*, 43 NY2d 801, 802 [1977]), as the proposal would negatively impact traffic, parking, and safety conditions on an adjacent dead-end residential street that provides the only means of vehicular access to the parking area of the proposed establishment. Contrary to the petitioner's contention, the Board did not disregard its purported uncontroverted evidence, submitted in favor of the application, nor did the Board rely upon generalized objections and community pressure (*cf. Matter of Crystal Pond Homes v Prior*, 305 AD2d 595, 596 [2003]). Rather, the evidence submitted by the petitioner was contradictory in several key respects, and the determination was supported by some of the petitioner's own evidence as well as by the specific, particularized concerns raised by area residents (*see Matter of Samek v Zoning Bd. of Appeals of Town of Ballston*, 162 AD2d 926 [1990]; *see also Brick Hill Constr. Corp. v Zoning Bd. of Appeals of Town of Somers*, 53 NY2d 621, 622 [1981]) and by the common-sense judgments and personal familiarity with the area possessed by members of the Board (*see Matter of Market Sq. Props. v Town of Guilderland Zoning Bd. of Appeals*, 66 NY2d 893 [1985]; *Matter of Cowan v Kern*, 41 NY2d 591, 599 [1977]; *Matter of Il Classico Rest. v Colin*, 254 AD2d 418, 420 [1998]). Accordingly, the determination had a rational basis, was not arbitrary and capricious, and was supported by substantial evidence (*see Matter of Sasso v Osgood, supra*; *Matter of Dries v Town Bd. of Town of Riverhead*, 305 AD2d 596 [2003]).

The petitioner's claim that the Board's determination is impermissibly inconsistent with another determination recently issued on a similar application (*see Matter of Charles A. Field Delivery Serv. [Roberts]*, 66 NY2d 516 [1985]; *Matter of Frisenda v Zoning Bd. of Appeals of Town of Islip*, 215 AD2d 479 [1995]) is unavailing, since the locations of the premises and the fore-

seeable impacts of the proposals were dramatically different and the determinations therefore were not based on essentially the same facts (*see Matter of Spandorf v Board of Appeals of Vil. of E. Hills*, 167 AD2d 546 [1990]; *Matter of Pesek v Hitchcock*, 156 AD2d 690 [1989]).

Similarly, the petitioner's contention that the Supreme Court erred in considering the Board's findings issued shortly after the commencement of this proceeding is unpersuasive (*see Matter of Efraim v Trotta*, 17 AD3d 463 [2005]; *Matter of Warren v Harris*, 179 AD2d 660 [1992]; *Matter of Berka v Seltzer*, 170 AD2d 450 [1991]).

The petitioner's remaining contention is without merit. Adams, J.P., Luciano, Mastro and Skelos, JJ., concur.