■ In the Matter of THIRTY WEST PARK CORP. et al., Appellants, v ZONING BOARD OF APPEALS OF THE CITY OF LONG BEACH et al., Respondents. [843 NYS2d 106]—

In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the respondent Zoning Board of Appeals of the City of Long Beach dated September 28, 2005, granting the application of the respondents Alexandra Yaniv and Morris Yaniv for a variance, and an action for declaratory and injunctive relief, the petitioners appeal from a judgment of the Supreme Court, Nassau County (Davis, J.), entered March 14, 2006, which denied the petition and dismissed the hybrid proceeding and action.

Ordered that the judgment is modified, on the law, by deleting the provision thereof dismissing the eighth and ninth causes of action; as so modified, the judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs, and the eighth and ninth causes of action are reinstated and severed.

Contrary to the contentions of the petitioners, the determination of the respondent Zoning Board of Appeals of the City of Long Beach (hereinafter the board) was amply supported by the hearing record and was not arbitrary and capricious (*see gener-*

*ally Matter of Pecoraro v Board of Appeals of Town of Hempstead,* 2 NY3d 608 [2004]; *Matter of Halperin v City of New Rochelle,* 24 AD3d 768 [2005]). The board properly considered and balanced the appropriate statutory factors in reaching its determination (*see* General City Law § 81-b [4] [b]; *Matter of Sasso v Osgood,* 86 NY2d 374 [1995]; *Matter of Mangan v Cianciulli,* 19 AD3d 598 [2005]; *Matter of CFS Realty Corp. v Board of Zoning Appeals of Town of N. Hempstead,* 7 AD3d 705 [2004]; *Matter of Scimone v Humenik,* 1 AD3d 370 [2003]; *Matter of Marro v Zoning Bd. of Appeals of City of Long Beach,* 287 AD2d 506 [2001]). Similarly, in making its determination, the board properly relied upon the personal knowledge and familiarity with the area possessed by its members (*see Matter of Cowan v Kern,* 41 NY2d 591, 599 [1977]; *Matter of Suddell v Zoning Bd. of Appeals of Vil. of Larchmont,* 36 NY2d 312 [1975]; *Matter of North Shore F.C.P., Inc. v Mammina,* 22 AD3d 759 [2005]; *Matter of Il Classico Rest. v Colin,* 254 AD2d 418 [1998]; *Matter of Michelson v Warshavsky,* 236 AD2d 406 [1997]), and the basis of that personal knowledge was appropriately set forth in the record (*see Matter of Community Synagogue v Bates,* 1 NY2d 445, 454 [1956]). The petitioners were not entitled to advance notice that the members of the board would rely upon their own knowledge and experience in deciding the application.

Moreover, the record demonstrates that the board took a hard look at the relevant areas of environmental concern associated with the variance application and set forth an adequate reasoned elaboration of the basis for its determination. Accordingly, the requirements of the State Environmental Quality Review Act (ECL art 8) were satisfied, and the Supreme Court properly rejected the petitioners' contention to the contrary (*see generally Matter of Eadie v Town Bd. of Town of N. Greenbush,* 7 NY3d 306 [2006]; *Matter of Spitzer v Farrell,* 100 NY2d 186 [2003]).

The board's issuance of findings of fact subsequent to the commencement of this matter does not constitute a basis for reversal (*see Matter of North Shore F.C.P., Inc. v Mammina, supra; Matter of Efraim v Trotta,* 17 AD3d 463 [2005]; *Matter of Warren v Harris,* 179 AD2d 660 [1992]; *Matter of Berka v Seltzer,* 170 AD2d 450 [1991]).

In view of the foregoing, the Supreme Court properly dismissed the petitioners' first seven causes of action, which challenged the administrative determination of the board. However, given the factual disputes among the parties with regard to the plenary claims set forth in the eighth and ninth causes of action, and the absence of a dispositive motion directed

at those claims, the court acted prematurely in dismissing them. Accordingly, those causes of action are reinstated and severed. Mastro, J.P., Covello, McCarthy and Dickerson, JJ., concur.