■ In the Matter of COLIN REALTY Co., LLC, Appellant, v TOWN OF NORTH HEMPSTEAD et al., Respondents. [966 NYS2d 501]—

In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the Town of North Hempstead Board of Zoning and Appeals dated May 25, 2011, which, after a hearing, granted the application of Manhasset Pizza, LLC, for area variances and a conditional use permit, and action for a judgment declaring, in effect, that the proposed project requires a use

variance, the petitioner/plaintiff appeals from a judgment of the Supreme Court, Nassau County (Jaeger, J.), dated February 14, 2012, which, inter alia, denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with one bill of costs.

Manhasset Pizza, LLC (hereinafter Manhasset Pizza), sought to convert a vacant storefront, located on Plandome Road in the Town of North Hempstead, into a 45-seat, full-service, dine-in restaurant. The storefront, which in the past housed, among other things, a retail gift shop, a dry cleaning establishment, and a take-out food store, is in a nonconforming building without parking or a loading zone because, at the time of its construction, the Code of the Town of North Hempstead (hereinafter the Town Code) did not include any parking or loading-zone requirements. Restaurant uses are permitted in the relevant zoning district, subject to the issuance of a conditional use permit (Town Code § 70-126). For the proposed restaurant use, the Town Code now requires one off-street parking space for every four seats or four persons "which [or who] can be legally accommodated," plus one space per employee (Town Code § 70-103 [A] [1]). Although it is unclear how many persons the building could legally accommodate, it is undisputed that the restaurant, as proposed, would require a total of 24 parking spaces.

Since the proposal provided for no parking spaces and no loading zone, and since use as a restaurant required a conditional use permit, Manhasset Pizza submitted an application to the Board of Zoning and Appeals of the Town of North Hempstead (hereinafter the ZBA) for variances from the parking and loading-zone requirements, and for a conditional use permit. After a hearing, the ZBA granted the requested variances and permit. Colin Reality Co., LLC (hereinafter Colin), the owner of an adjacent property, thereafter commenced the instant hybrid proceeding and action, seeking to annul the determination and for a judgment declaring, in effect, that the proposed project required a use variance. The Supreme Court, inter alia, denied the petition and dismissed the proceeding.

Contrary to Colin's contentions, the ZBA properly determined that the variances pursuant to which Manhasset Pizza sought relief from the parking and loading-zone requirements were to be treated as applications for area variances under the scheme of the Town Code (see Matter of Overhill Bldg. Co. v Delany, 28 NY2d 449 [1971]; Matter of Marro v Zoning Bd. of Appeals of City of Long Beach, 287 AD2d 506 [2001]; Matter of Il Classico Rest. v Colin, 254 AD2d 418 [1998]; Merrick Gables Assn. v

*Fields,* 143 AD2d 117 [1988]; *see also Matter of Halperin v City of New Rochelle,* 24 AD3d 768, 773 [2005]; *cf. Matter of Off Shore Rest. Corp. v Linden,* 30 NY2d 160, 169 [1972]). In passing on an application for an area variance, a zoning board is required to engage in a balancing test that weighs the benefit to the applicant if the variance is granted against the detriment to the health, safety, and welfare of the neighborhood or community (*see Matter of Il Classico Rest. v Colin,* 254 AD2d at 419; *Matter of Halperin v City of New Rochelle,* 24 AD3d at 773). In making such a determination, a zoning board is to consider the following factors: "(1) whether an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will be created by the granting of the area variance; (2) whether the benefit sought by the applicant can be achieved by some method, feasible for the applicant to pursue, other than an area variance; (3) whether the requested area variance is substantial; (4) whether the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district; and (5) whether the alleged difficulty was self-created, which consideration shall be relevant to the decision of the board of appeals, but shall not necessarily preclude the granting of the area variance" (Town Law § 267-b [3] [b]).

In the instant case, the ZBA engaged in the required balancing test and concluded, inter alia, that the issuance of variances from the parking and loading-zone requirements would not have an adverse impact upon the surrounding area. In reaching this conclusion, the members of the ZBA relied on their own personal knowledge of the area (*see Matter of Il Classico Rest. v Colin,* 254 AD2d at 419), along with testimony from Manhasset Pizza's traffic engineer. That engineer conducted an empirical parking analysis, taking into consideration two nearby municipal lots, as well as available on-street parking, and concluded, among other things, that there existed ample parking to support the proposed restaurant. Although a traffic engineer retain by Colin opined that the proposed restaurant would crowd available on-street parking, that expert also acknowledged that there would be parking spaces available in the nearby municipal lots. Inasmuch as the ZBA balanced and weighed the appropriate statutory factors, and based its findings on objective facts appearing in the record, its determination to grant the requested area variances was rational and not arbitrary and capricious (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead,* 2 NY3d 608, 612 [2004]; *Matter of Halperin v City of New Rochelle,* 24 AD3d at 773).

Colin's remaining contentions are without merit. Angiolillo, J.P., Chambers, Hall and Roman, JJ., concur.