■ ERNEST POLAK et al., Appellants, v PATRICK KAVANAH et al., Constituting the Town Board of the Town of Blooming Grove, et al., Respondents. —In an action, *inter alia,* to declare unconstitutional Local Laws Nos. 2-1974 and 3-1974 of the Town of Blooming Grove, plaintiffs appeal from an order of the Supreme Court, Orange County, entered June 5, 1974, which, *inter alia,* (1) denied their motion for a preliminary injunction and (2) granted the defendants' cross motion to dismiss the complaint for failure to state a cause of action. The appeal also brings up for review the judgment of the same court, entered the same day, upon the order. Judgment and order reversed, without costs; plaintiffs' motion for a preliminary injunction is granted and defendants' cross motion is denied. Ernest Polak, the individual plaintiff, is the owner of 24.5 acres of residentially-zoned land situated in the Town of Blooming Grove. Pursuant to the prior zoning ordinance (Local Laws, 1971, No. 3 of the Town of Blooming Grove), Polak was issued an excavation permit, effective May 1, 1973, which authorized the operation of a sand and gravel bank upon 14 acres of his tract. In reliance upon that excavation permit, Polak entered into a contract with plaintiff D & L Excavators, Inc., for removal of sand and gravel from the subject premises and excavation operations were commenced. In March, 1974, the town enacted a local law which, as here pertinent, provides that previously issued permits for excavation in residential districts terminate within a certain period (i.e., one year from the date of issuance, or six months after the effective date of the ordinance), and that previous permit holders could reapply for permits, but that the Zoning Board of Appeals could deny an application for renewal of an excavation permit for continued operations on land within a residential district (Local Laws, 1974, No. 3 of the Town of Blooming Grove [1974 Excavation Law], § 7, subds C and D). Plaintiffs, without seeking a permit renewal, commenced this action for a declaratory judgment alleging, *inter alia,* that the 1974 Excavation Law was confiscatory and unconstitutional in that it deprived a holder of a previously issued permit of a vested right to continue a nonconforming use. The court dismissed the complaint, stating that "the 1974 Excavation Law does not prohibit the renewal of unexpired excavation permits, such as plaintiffs'. It is fundamental that where, as in the present case, the zoning regulation which is challenged 'does not prohibit the use which the plaintiff proposes, but only requires that a special permit be obtained, the courts will not entertain an action for a declaratory judgment that the regulation is unconstitutional until the plaintiff has exhausted his administrative remedy'." The rule enunciated is sound, but is inapplicable. The requirement of exhaustion of administrative remedies assumes that adequate relief may be obtained under the ordinance; a failure to seek such relief will render the action premature. But where, as here, the contention is that the ordinance is confiscatory and unconstitutional because it compels a reapplication for a vested right wrongfully terminated, no useful purpose can be served by requiring plaintiffs to proceed under the ordinance. As was stated by Judge Froessel in *Levitt v Incorporated Vil. of Sands Point* (6 NY2d 269, 273), "The theory of this action is that plaintiffs are entitled as a matter of right to a judgment declaring the unconstitutionality of the ordinance; they do not ask for the relaxation of an assumedly valid regulation". Thus, where the operation of an ordinance effects an unconstitutional present invasion of a landowner's property rights, there is no need to exhaust administrative

remedies before commencing an action for a declaratory judgment *(Matter of Golden v Planning Bd. of Town of Ramapo,* 30 NY2d 359, 366; *Scarsdale Supply Co. v Village of Scarsdale,* 8 NY2d 325; *Dowsey v Village of Kensington,* 257 NY 221; *Ulmer Park Realty Co. v City of New York,* 267 App Div 291; see, generally, 2 Anderson, New York Zoning Law and Practice [2d ed], § 21.10, pp 182–183). Rabin, Acting P. J., Latham, Cohalan, Brennan and Shapiro, JJ., concur.