■ In the Matter of JOHN BRASLOW, Respondent, v PASQUALE CURCIO et al., Constituting the Board of Zoning Appeals of the Town of Babylon, Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the Board

of Zoning Appeals of the Town of Babylon, dated August 14, 1986, which denied the petitioner's application for several area variances, the appeal is from a judgment of the Supreme Court, Suffolk County (Jones, J.), dated October 27, 1987, which, *inter alia,* granted the petition, and annulled the Board of Zoning Appeals' determination.

Ordered that the judgment is reversed, on the law, with costs, the determination is confirmed, and the proceeding is dismissed.

In 1978, the petitioner and two other individuals acquired title to a parcel of land 3,346 square feet in area. The property is located in a "C" residence district which, according to the zoning ordinance adopted by the Town of Babylon in 1954, permits the erection of a single-family dwelling on a lot having an area of not less than 7,500 square feet, and a width of not less than 75 feet at the front building line *(see,* Town of Babylon Code § 213-94). An exception to these requirements, however, provides that "a single family dwelling may be built upon a lot held in single and separate ownership on July 25, 1954 * * * provided * * * that * * * the lot width shall not be less than sixty (60) feet and the area not less than six thousand (6,000) square feet" (Town of Babylon Code § 213-94 [A]).

Thereafter, in seeking a permit to build a one-family dwelling on the lot, the petitioner requested area variances with respect to the lot and width requirements, as well as other area variances. Following a public hearing, the Board of Zoning Appeals of the Town of Babylon (hereinafter the Board) denied the petitioner's application for the variances. This proceeding ensued and the Supreme Court annulled the Board's determination. We now reverse.

The petitioner's contention that the mere fact that his property was held in single and separate ownership since July 25, 1954 is sufficient to warrant the granting of the variances is without merit. The petitioner did not offer any evidence that prior to 1954, the property was of sufficient size on which to build and that as a result of the 1954 zoning ordinance the property was rendered substandard. Even assuming that the property was of a sufficient size in 1954, in or about 1961, a portion of the property, then owned by the petitioner's predecessors in title, was condemned by the State of New York and the house then situated thereon was removed. The petitioner, however, again failed to demonstrate that the 1954 zoning restrictions, rather than the condemnation of a portion of the lot, rendered the lot substandard, and that his predecessor in

title did not receive just compensation for the taking. Therefore, the petitioner was not entitled to the issuance of the variances as a matter of right, nor did the denial of the variances violate any constitutional proscriptions *(cf., Matter of Siciliano v Scheyer,* 150 AD2d 460).

In addition, the petitioner also failed to establish that the Board's determination was illegal, arbitrary, or an abuse of discretion. In the absence of proof of the price the petitioner paid for the parcel and of its value with and without the requested variances, it cannot be said that the petitioner would suffer significant economic injury by the denial of the variances *(see, Matter of Iannucci v Casey,* 140 AD2d 343, 344). Since the petitioner failed to adduce proof of significant economic injury, the burden never shifted to the zoning authority to demonstrate that the restrictions were reasonably related to a legitimate exercise of its zoning power *(cf., Human Dev. Servs. v Zoning Bd. of Appeals,* 110 AD2d 135, 140, *affd* 67 NY2d 702). Nevertheless, testimony was adduced at the public hearing, and supported by a memorandum from the Town Planning Division, to the effect that the petitioner's parcel was out of character with the neighborhood; that the proposed dwelling would inordinately crowd adjoining parcels; and that the new construction would compound preexisting traffic problems in the area, creating a safety hazard to its own occupants as well as to its neighbors. These legitimate concerns of the Board for the safety and welfare of the community were in no way rebutted by the petitioner.

Accordingly, under these circumstances, there is no basis to disturb the Board's denial of the requested area variances. Thompson, J. P., Lawrence, Balletta and Rosenblatt, JJ., concur.