◼ In the Matter of SAKREL, LTD., Appellant, v DAVID I. ROTH et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Babylon, dated August 17, 1989, which denied the petitioner's application for certain variances, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Baisley, J.), entered June 12, 1990, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner Sakrel, Ltd., is the owner of a vacant parcel of land located within the "Residence C" zone of the Town of Babylon. Babylon Town Code § 213-94 (A) provides that building lots within a Residence C zone must have an area of at least 7,500 square feet and a minimum width of 75 feet at the front building line. However, this section also provides that a single-family dwelling may be built upon a lot if the lot was held in "single and separate ownership" since July 25, 1954, the effective date of the provision and the lot has an area of no less than 6,000 square feet and a front building line width of 60 feet (Babylon Town Code § 213-94 [A]).

On or about March 3, 1989, the petitioner applied to the respondent Zoning Board of Appeals of the Town of Babylon for several variances in order to construct a single-family residence. The petitioner claimed that the lot had been held under "single and separate ownership" and requested a reduction of the permissible lot area from 6,000 to 4,000 square feet and a reduction in the width of the front building line from 60 to 40 feet, as the plot measures 40 feet by 100 feet.

On June 29, 1989, the respondents held a public hearing on the petitioner's application. At the hearing, the petitioner claimed that it would suffer a "practical difficulty" if the application were not granted since, without the variances, it would be unable to build upon the lot. On August 17, 1989, the respondents denied the application, *inter alia,* finding that

the requested variances were not only substantial in nature but also that, if granted, they would have a substantial detrimental impact upon the surrounding area, that any hardship was self-imposed, and that the petitioner had failed to show that it would suffer any economic injury if the application were not granted. The petitioner thereupon commenced the instant proceeding pursuant to CPLR article 78, and the Supreme Court upheld the respondents' determination.

It should be noted that the petitioner was not entitled to build on the lot as a matter of right under the "single and separate ownership" provisions of the ordinance. While the respondents conceded "single and separate ownership", the petitioner sought multiple variances contrary to the provision of the "single and separate" ordinance requiring conformance to all other provisions of the building zone ordinance (see, Matter of Sakrel, Ltd. v Roth, 176 AD2d 732; Matter of Braslow v Curcio, 152 AD2d 734).

Additionally, it is now well established that in order to obtain an area variance as a matter of discretion, an applicant is required to establish "practical difficulties" (see, Matter of Fuhst v Foley, 45 NY2d 411; Matter of Cowan v Kern, 41 NY2d 591; Matter of Siciliano v Scheyer, 150 AD2d 460). Here, the petitioner has demonstrated "practical difficulties" since it cannot construct a single-family residence without coming into conflict with various provisions of the zoning ordinance (see, Matter of Fuhst v Foley, supra; Cange v Scheyer, 146 AD2d 594).

Once the petitioner established the existence of "practical difficulties", the burden shifted to the respondents to demonstrate that strict application of the zoning ordinance was necessary to promote and protect the public health, safety and welfare and that the need to promote the public good outweighed any injury to the petitioner (see, Matter of Sakrel, Ltd. v Roth, supra; Matter of Niceforo v Zoning Bd. of Appeals, 147 AD2d 483; Matter of Townwide Props. v Zoning Bd. of Appeals, 143 AD2d 757). Among the factors to be considered are: "(1) significant economic injury * * * (2) the magnitude of the desired area variance sought * * * (3) whether the 'difficulty' alleged by the applicant was self-created * * * and (4) whether the alleged difficulty may be avoided by means other than a variance, which may be feasibly pursued by the applicant" (Human Dev. Servs. v Zoning Bd. of Appeals, 110 AD2d 135, 139-140, affd 67 NY2d 702; also see, Matter of Friendly Ice Cream Corp. v Barrett, 106 AD2d 748).

In applying the above principles to the instant case, it becomes clear that the respondents' denial of the petitioner's application was neither arbitrary, illegal, nor an abuse of discretion *(see, Matter of Pironi v Rose,* 180 AD2d 740; *Matter of Lakeland Park Estates v Scheyer,* 142 AD2d 582, 583; *Matter of Bauer v Zoning Bd. of Appeals,* 121 AD2d 627, 628). The petitioner herein steadfastly refused to divulge to the respondents the price it paid for the parcel. In the absence of such information and in the absence of evidence of the value of the parcel with and without the requested variances, it cannot be said that the petitioner would suffer significant economic injury by the denial of the variances *(see, Matter of Braslow v Curcio,* 152 AD2d 734, *supra; Matter of Iannucci v Casey,* 140 AD2d 343). The mere fact that the land could be used more profitably if the variance were granted is insufficient *(see, Matter of Koster Keunen v Scheyer,* 156 AD2d 563). Moreover, the respondents correctly noted that the requested variances, which would result in a 33.3% reduction in the width of the required lot area and a 33.3% reduction in the required front street line, are substantial in relation to the usual requirements of the zoning ordinance *(see, Matter of Four M Constr. Corp. v Fritts,* 151 AD2d 938; *Carbone v Town of Bedford,* 144 AD2d 420).

In addition, any claimed difficulties were self-imposed since it must be presumed that the petitioner purchased the lot knowing that it was substandard under the applicable zoning laws *(see, Matter of Sakrel, Ltd. v Roth,* 176 AD2d 732, *supra; Matter of Iannucci v Casey, supra).* Finally, there is no proof in the record that the petitioner could not have obviated the difficulties through other means, such as selling the parcel to one of the adjacent landowners. We also note that there was some evidence in the record to support the respondents' conclusion that the granting of the variances would have a detrimental impact upon the surrounding neighborhood *(see, Matter of Kransteuber v Scheyer,* 176 AD2d 724; *Matter of Sakrel, Ltd. v Roth, supra).*

The petitioner's remaining claim—that the Town's zoning ordinance, as applied to the subject parcel, constituted an unconstitutional taking of property—is without merit. The petitioner was required to prove that the property could not yield an economically reasonable return as zoned *(see, D.C.M. Realty Corp. v Town of Islip,* 162 AD2d 495). Conclusory testimony is insufficient; rather, it was required to "offer proof of the market value of the property at the time of acquisition, and [proof of] the current market value of the property as

presently zoned" *(Matter of Loujean Props. v Town Bd.,* 160 AD2d 797). The petitioner herein failed to offer any evidence as to either value and, thus, failed to establish that the denial of the requested variances resulted in a taking of its property without just compensation *(see, Matter of Kransteuber v Scheyer, supra; Matter of Sakrel, Ltd. v Roth, supra).* Thompson, J. P., Harwood, Balletta and Copertino, JJ., concur.