■ In the Matter of G.V. LICARI, Respondent, v RICHARD I. SCHEYER et al., Appellants. [597 NYS2d 165] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Islip, dated January 30, 1990, which denied the petitioner's application for area

variances, the Zoning Board of Appeals of the Town of Islip appeals from a judgment of the Supreme Court, Suffolk County (Doyle, J.), entered February 1, 1991, which annulled the determination and directed that the requested area variances be issued.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the determination is confirmed, and the proceeding is dismissed on the merits.

In July 1988 the petitioner paid $13,000 at a tax sale for the subject substandard parcel which is located in the B residential zoning district in the Town of Islip. Approximately one year later, the petitioner applied for five area variances required to construct a single-family dwelling on the parcel. Specifically, the petitioner requested the following variances: reduction of the total lot area from 7,500 square feet to 4,000 square feet, reduction of the lot width from 75 feet to 40 feet, reduction in the side yard requirements from 14 feet to 8.05 feet, reduction of the total side yards from 28 feet to 16.10 feet, and an increase in the maximum first-floor area ratio from 25% to 32.7%. On November 8, 1989, the Zoning Board conducted a public hearing wherein, *inter alia,* it was adduced that without the requested variances the subject parcel would be worth approximately $5,000. By decision dated January 30, 1990, the Zoning Board denied the application on the grounds that, *inter alia,* the variances were substantial and would adversely affect the property values, character, use and enjoyment of the neighboring parcels. The petitioner thereupon commenced the instant proceeding. The Supreme Court granted the petition, concluding, *inter alia,* that a strict application of the zoning ordinance under these circumstances unconstitutionally deprived the petitioner of the use of his property. We find otherwise and reverse.

We agree with the Supreme Court's holding that the petitioner was not entitled to the requested variances as a matter of right pursuant to the "single and separate ownership" exception codified in the relevant sections of the Town of Islip Code *(see, e.g., Matter of Sakrel, Ltd. v Roth,* 182 AD2d 763, 764; *Matter of Hansen v Zoning Bd. of Appeals,* 158 AD2d 689). Similarly, the petitioner failed to establish that the determination of the Zoning Board was arbitrary and capricious, or an abuse of discretion. Indeed, although the petitioner's inability to develop the parcel without the requested variances constitutes a practical difficulty *(see, Matter of Sakrel, Ltd. v Roth, supra; Matter of Kransteuber v Scheyer,* 176

AD2d 724, *affd* 80 NY2d 783), the record clearly evinces "that strict application of the zoning ordinance was necessary to promote and protect the public health, safety and welfare and that the need to promote the public good outweighed any injury to the petitioner" *(Matter of Sakrel, Ltd. v Roth, supra,* at 764).

Although the petitioner failed to establish his entitlement to the variances under the theories of "single and separate ownership" and "practical difficulties", the Supreme Court nevertheless concluded that the Zoning Board's strict application of the zoning code effected an unconstitutional taking of his property. However, it is axiomatic that one who claims a land regulation has effected a taking of his property bears the heavy burden of overcoming the presumption of constitutionality which attaches *(see, de St. Aubin v Flacke,* 68 NY2d 66, 76).* Indeed, to establish that a taking has in fact occurred, the landowner must prove beyond a reasonable doubt "that the economic value, or all but a bare residue of the value, of the parcel has been destroyed" *(Spears v Berle,* 48 NY2d 254, 263). Here, the petitioner's own expert testified that even without the variances, the parcel was worth $5,000. Thus, since the parcel is not without value absent the requested variances, we conclude the plaintiff has failed to establish that the Zoning Board's denial of the requested variances resulted in an unconstitutional taking of her property *(see, Matter of Kransteuber v Scheyer, supra).* Accordingly, the Zoning Board's determination is confirmed. Mangano, P. J., Thompson, Balletta and Joy, JJ., concur.