■ In the Matter of BUDGET ESTATES, INC., Appellant, v DAVID I. ROTH et al., Respondents. [610 NYS2d 69] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Babylon, dated August 30, 1990, which, after a hearing, denied the petitioner's request for an area variance, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Werner, J.), dated September 13, 1991, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner owns a substandard lot in a "C" residential zone within the Town of Babylon. The subject parcel consists of 4,000 square feet and has a width of 40 feet at the front building line.

Babylon Town Code § 213-94 (A) provides that building lots within a "C" residential zone which have been held in single and separate ownership since July 25, 1954, must have a lot area of at least 6,000 square feet and a minimum width of 60 feet at the front building line. It is uncontroverted that the lot in question has been held in single and separate ownership since July 25, 1954. Therefore, in order to construct a single family dwelling on the parcel, the petitioner required an area variance with respect to both the minimum lot size and the frontage.

The petitioner applied for a variance, and the Town of Babylon Zoning Board of Appeals (hereinafter the Board) denied the petitioner's application. The petitioner then commenced the present proceeding pursuant to CPLR article 78. The Supreme Court confirmed the determination of the Board and dismissed the proceeding.

On appeal, the petitioner contends that the determination of the Board was arbitrary, capricious, illegal and an abuse of discretion. We disagree.

A recent amendment to Town Law § 267-b sets forth five factors to be considered by Zoning Boards of Appeal when considering requests for area variances (see, Town Law § 267-b [3] [b], as amended by L 1991, ch 692, § 9). These five factors, which are a codification of the factors set forth in *Matter of Wachsberger v Michalis* (19 Misc 2d 909, *affd* 18 AD2d 921), have been cited by this Court as valid criteria for determining the merit of an area variance application (see, *Matter of Vilardi v Roth,* 192 AD2d 662, 664). In applying those factors here, we find that the Board's determination was not arbi-

trary, capricious, illegal or an abuse of discretion *(see,* CPLR 7803 [3]; *Matter of Sakrel, Ltd. v Roth,* 182 AD2d 763, 764).

We also find that the petitioner failed to prove that the application to his property of the local zoning ordinance under review constituted an unconstitutional taking of his property without compensation *(see, Matter of Kransteuber v Scheyer,* 176 AD2d 724, *affd* 80 NY2d 783). Thompson, J. P., Pizzuto, Santucci and Goldstein, JJ., concur.