■ In the Matter of NEIGHBORS TOGETHER HOMEOWNERS & TENANTS ASSOCIATION et al., Appellants, v DAVID NEUFELD, as Chairman of the Zoning Board of Appeals of the Village of Mamaroneck, et al., Respondents. [631 NYS2d 428] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Village of Mamaroneck dated April 1, 1993, which, after a hearing, granted the application of My Sisters' Place, Inc., to convert an existing nonconforming use to a shelter for battered women and children, the petitioners appeal from a judgment of the Supreme Court, Westchester County (Lange, J.), entered March 4, 1994, which dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

The subject property is a two-family dwelling existing as a prior, nonconforming use. My Sisters' Place, Inc., sought to convert the premises from a nonconforming two-family dwelling to a shelter for battered women and their children. Its application was denied by the Building Inspector of the Village of Mamaroneck and an appeal to the Zoning Board of Appeals of the Village of Mamaroneck (hereinafter the Zoning Board) followed.

Pursuant to the Village of Mamaroneck's Zoning Code, the Zoning Board could grant the application if the evidence showed that the change of use was a less nonconforming one. After an extensive public hearing and in consideration of the many documents both in support of and in opposition to the proposed use, the Zoning Board passed a resolution finding that the proposed use would in fact be a less nonconforming one and one that would be more harmonious with the surrounding area. The Board took notice that the nature of the proposed use is extremely regulated and restricted to an extent far beyond that of any normal use as a two-family house or

under a conforming use for the location. We find that the Board's determination was supported by substantial evidence on the record and that it was not arbitrary, capricious, illegal, or an abuse of discretion *(see,* CPLR 7803 [3]; *Matter of Budget Estates v Roth,* 203 AD2d 287).

We also find that under these particular circumstances the proposed use of the premises is an exempt action and not subject to the provisions of the State Environmental Quality Review Act *(see,* ECL 8-0105 [4]) and the associated regulations of the Commissioner of Environmental Conservation *(see,* 6 NYCRR 617.2 [q]). Sullivan, J. P., Thompson, Ritter and Krausman, JJ., concur.