■ In the Matter of McGLASSON REALTY, INC., Respondent, v TOWN OF PATTERSON BOARD OF APPEALS et al., Appellants. [651 NYS2d 131] —In a proceeding pursuant to CPLR article 78 to review a determination of the Town of Patterson Board of Appeals dated December 14, 1994, which, after a hearing, denied the petitioner's application for an area variance, the appeal is from a judgment of the Supreme Court, Putnam County (Hickman, J.), entered December 4, 1995, which granted the petition. Justice Thompson has been substituted for the late Justice Hart (*see,* 22 NYCRR 670.1 [c]).

Ordered that the judgment is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed.

The denial by the Town of Patterson Board of Appeals (hereinafter the Board) of the petitioner's request for an area variance was a reasonable exercise of its discretion and was supported by the record (*see, Matter of Lahey v Kelly,* 71 NY2d 135; *Matter of Fuhst v Foley,* 45 NY2d 441). Contrary to the petitioner's contention, the Board properly construed its zoning ordinance to find that, by reason of common ownership, the subject parcel had merged with the adjoining parcel prior to the time it was purchased by the petitioner and therefore was no longer a separate buildable lot (*see, Matter of Khan v Zoning Bd. of Appeals,* 87 NY2d 344; *Matter of Vollet v Schoepflin,* 28 AD2d 706).

While the petitioner's application for a building permit was pending, the Town of Patterson Building Inspector made verbal representations to the petitioner that the permit would issue at a later date. The permit was denied after the closing date. Contrary to the petitioner's contention, its reliance upon the misinformed statements of the Building Inspector does not preclude a finding of self-created hardship (*see,* Town Law § 267-b [3] [b] [5]). A prospective purchaser of property is chargeable with knowledge of the applicable restrictions of the zoning law and is bound by them and by the facts and circumstances which can be learned by the exercise of reasonable diligence, even where there are harsh results (*see, Matter of Parkview Assocs. v City of New York,* 71 NY2d 274). The petitioner, a seasoned real estate professional, failed to exercise the reasonable diligence which would have readily revealed that this lot was substandard and nonconforming. Moreover, "[t]he courts should not be placed in the position of having to guarantee the investments of a careless land buyer" (*Matter of Barby Land Corp. v Ziegner,* 65 AD2d 793, 794).

In addition, the variance sought by the petitioner was substantial, in that the petitioner sought to build upon a 22,500 square foot parcel located within a zone requiring a minimum acreage of 40,000 square feet (*see,* Town Law § 267-b [3] [b] [3]; *Matter of Robbins v Seife,* 215 AD2d 665; *Matter of Budget Estates v Roth,* 203 AD2d 287; *Matter of Sakrel, Ltd. v Roth,* 182 AD2d 763). There was also evidence that the petitioner's proposed waste disposal system would adversely affect local well water and flooding conditions. Although there were factors weighing in favor of granting of the variance, the Supreme Court cannot substitute its judgment for that of the Board where, as here, there is substantial evidence in the record to support the Board's determination (*see, Conley v Town of Brookhaven Zoning Bd. of Appeals,* 40 NY2d 309). Miller, J. P., Thompson, Altman and Goldstein, JJ., concur.