◼ In the Matter of WILLIAM ALLT, Respondent, v ZONING BOARD OF APPEALS OF TOWN OF HYDE PARK et al., Appellants. [679 NYS2d 422] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Hyde Park dated May 28, 1997, which denied the petitioner's application for area variances, the appeal is from a judgment of the Supreme Court, Dutchess County (Bernhard, J.), dated October 21, 1997, which, *inter alia,* annulled the determination and granted the variances.

Ordered that the judgment is reversed, on the law, with costs, the determination is confirmed, and the proceeding is dismissed on the merits.

In determining the merits of an area variance application, a Zoning Board of Appeals is required to consider: "(1) whether an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will be created by the granting of the area variance; (2) whether the benefit sought by the applicant can be achieved by some method, feasible for the applicant to pursue, other than an area variance; (3) whether the requested area variance is substantial; (4) whether the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district; and (5) whether the alleged difficulty was self-created, which consideration shall be relevant to the decision of the board of appeals, but shall not necessarily preclude the granting of the area variance" (Town Law § 267-b [3] [b]). In applying those factors here, we find that the determination of the Zoning Board of Appeals of the Town of Hyde Park was not arbitrary, capricious, illegal, or an abuse of discretion (*see,* CPLR 7803 [3]). Although the petitioner is unable to develop the property without the requested variances, the record reveals " 'that strict application of the zoning

ordinance was necessary to promote and protect the public health, safety and welfare and that the need to promote the public good outweighed any injury to the petitioner' " (*Matter of Licari v Scheyer,* 193 AD2d 604, 606, quoting *Matter of Sakrel, Ltd. v Roth,* 182 AD2d 763, 764).

Moreover, the petitioner failed to prove that the application to his property of the local zoning ordinance under review constituted an unconstitutional taking of his property without compensation (*see, Matter of Khan v Zoning Bd. of Appeals,* 87 NY2d 344, 352; *Matter of Kransteuber v Scheyer,* 176 AD2d 724, 726-727, *affd* 80 NY2d 783). Rosenblatt, J. P., Ritter, Copertino and McGinity, JJ., concur.