■ 360 JERICHO TURNPIKE ASSOCIATES, Respondent, v INCORPORATED VILLAGE OF MINEOLA et al., Appellants. [690 NYS2d 278] —In an action, *inter alia*, for a judgment declaring that the plaintiff has a lawful, valid, nonconforming use of certain premises for automotive purposes, the defendants appeal (1) from an order of the Supreme Court, Nassau County (DiNoto, J.), dated March 6, 1998, which denied their motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action, (2) as limited by their brief, from so much of an order of the same court, dated July 23, 1998, as, upon reargument, adhered to its original determination, and (3) from an order of the same court, also dated July 23, 1998, which amended the order dated March 6, 1998, to correct a typographical error.

Ordered that the appeal from the order dated March 6, 1998, is dismissed, without costs or disbursements, as that order was superseded by the order dated July 23, 1998, made upon reargument; and it is further,

Ordered that the appeal from the order dated July 23, 1998, is dismissed, without costs or disbursements, as that order was superseded by the amended order dated July 23, 1998; and it is further,

Ordered that the amended order dated July 23, 1998, is affirmed, without costs or disbursements.

The plaintiff alleged, *inter alia*, that officials of the defendant Incorporated Village of Mineola unconstitutionally applied a zoning ordinance to deprive it of a vested right to continue a pre-existing, nonconforming use which was permitted under a valid certificate of occupancy. Under the circumstances of this case, we conclude that the Supreme Court properly determined that the plaintiff was not required to exhaust administrative remedies before commencing this action for a declaratory judgment (*see, Polak v Kavanah*, 48 AD2d 840).`

The defendants' remaining contentions are without merit. Bracken, J. P., Thompson, Goldstein and Florio, JJ., concur.