**GOLDSTAR AUTO SALES, LLC, Plaintiff,**

v.

**TOWN OF HALFMOON and the Zoning Board Of Appeals Of The Town Of Halfmoon, Defendants.**

**No. 99–CV–838 (TJM).**

United States District Court, N.D. New York.

Oct. 8, 1999.

Crane, Greene & Parente, Albany, NY (John Stockli, Jr., Peter Lauricella, of counsel), for Plaintiff.

Maynard, O'Connor, Smith & Catalinotto, LLP, Albany, NY (Edwin Tobin, Jr., of counsel), for Defendants.

## MEMORANDUM–DECISION & ORDER

McAVOY, Chief Judge.

Plaintiff Goldstar Auto Sales, LLC ("Goldstar") brings the instant action pursuant to 42 U.S.C. § 1983 against Defendants Town of Halfmoon (the "Town") and the Zoning Board of the Town of Halfmoon (the "Zoning Board") (collectively "Defendants"), alleging violations of its constitutional rights to substantive due process and equal protection based on Defendants' enforcement of a commercial zoning ordinance that regulates the sale of used automobiles. Plaintiff seeks declaratory and injunctive relief, monetary damages, and attorneys' fees.

Presently before the Court is Plaintiff's motion for summary judgment and Defendants' cross-motion for summary judgment, pursuant to FED. R. CIV. P. 56.

## I. Background

Plaintiff entered into a lease agreement for a parcel of land (the "Site") on which Plaintiff intends to operate a used automobile sales business. The Site is located in the Town's C–I Commercial Zoning District, where pursuant to Town of Halfmoon Zoning Law § 506 ("Section 506"), "permitted uses" include, in relevant part:

13. Franchised or factory authorized motor vehicles, farm implement, boat or trailer sales, or rental thereof, including accessory service. Used automobile, farm implement, boat or trailer sales shall be allowable only if incidental to new sales of same.

23. Sales of rental vehicles so long as they are vehicles originally purchased for rental by the on-site business. Sales of rental vehicles which were rented and/or maintained at another location shall be prohibited.

On March 10, 1999, a Town Building Inspector informed Plaintiff that it was prohibited under Section 506 from selling used automobiles at the Site. Shortly thereafter, Plaintiff filed a Petition for In-

terpretation of Zoning Law with the Zoning Board, seeking a ruling that Section 506 unlawfully discriminated between land users and, therefore, Plaintiff was permitted, as a matter of right, to operate a used automobile sales business on the Site. *See* Aff. of Charles Rafferty, Jr. (hereinafter "Rafferty Aff."), at Ex. B. At Defendants' request, Plaintiff also submitted an Application for Variance. *See id.* at Exs. C, D. The Zoning Board scheduled a hearing for May 3, 1999 on Plaintiff's Petition for an Interpretation of Section 506. At that hearing, Plaintiff's petition was denied.[1] Thereafter, Plaintiff filed a Complaint seeking a declaration that Section 506 was unconstitutional because it discriminated between sellers absent a legitimate zoning basis. The parties now separately move this Court for summary judgment with respect to Plaintiff's claims.

## II. Discussion

### A. Treatment of the Parties' 7.1(a)(3) Statements

Plaintiff argues that Defendants' cross-motion for summary judgment should be denied based on Defendants' failure to comply with Local Rule 7.1(a)(3) of the Northern District of New York. *See* Pl. Mem. of Law in Opp. to Defs. Cross–Mot. for Summ. J., at 2–3. Here, Defendants submitted a 7.1(a)(3) Statement (absent citations to the record) in connection with their cross-motion for summary judgment, but failed to submit a response to Plaintiff's 7.1(a)(3) Statement.

Because Defendants failed to submit a 7.1(a)(3) Statement in opposition to Plaintiff's motion for summary judgment, the assertions in Plaintiff's 7.1(a)(3) Statement are deemed admitted. *See* N.D.N.Y.L.R. 7.1(a)(3) ("Any facts set forth in the Statement of Material Facts shall be deemed admitted unless specifically controverted by the opposing party."). Indeed, Defen-

dants arguably concede this point, noting that "assuming all of the Plaintiff['s] facts, the [D]efendants are still entitled to summary judgment as none of these facts are sufficient to support a constitutional or other cause of action." Letter of Edwin J. Tobin, Esq., dated September 16, 1999, at 1–2 (Docket No. 28).

■ Plaintiff also notes that Defendants failed to set forth specific citations to the record in its moving 7.1(a)(3) Statement. While a moving party's failure to set forth specific citations to the record may ordinarily result in the denial of the motion, the unique circumstances of this case compel a different result. Specifically, Defendants' moving 7.1(a)(3) Statement consists of 9 paragraphs, which are based on facts clearly set forth in the Complaint and various sections of state law and Section 506. *See* Defs. Statement of Undisputed Material Facts, at ¶¶ 1–3; 6–7; 9. Significantly, the gravamen of the parties' respective motions for summary judgment is a *legal*, rather than a factual, dispute over the constitutionality of Section 506. Moreover, the parties address the *same* legal issues—whether Section 506 violates the Equal Protection and Due Process Clauses—in their submissions currently before the Court. Accordingly, in this *specific and narrow instance*, the Court declines to deny Defendants' cross-motion for summary judgment for failure to set forth specific citations to the record in its moving 7.1(a)(3) Statement. However, Defendants' Amended Statement of Undisputed Material Facts, filed in connection with its Reply Affidavit and Memorandum of Law, was not considered by the Court in its decision. The Court emphasizes that its decision is limited to the instant case, and should not be viewed as permission for litigants to file papers that fail to comply with the Local Rules of the Northern District of New York.

---

1. The Zoning Board denied Plaintiff's petition because it "[did] not have the latitude or discretion to interpret [Section 506] in the manner requested by [Plaintiff], nor [did] it have the powers to decide the constitutional issues raised by the [Plaintiff]." Defs. Attorney Affidavit, at Ex. B. Plaintiff, however, contends that it is within the Zoning Board's power to make such determinations.

## B. The Standard for Summary Judgment

The standard for summary judgment is well-settled. Under FED. R. CIV. P. 56(c), if there is no genuine issue as to any material fact, the moving party is entitled to a judgment as a matter of law "where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus., Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *see also Chertkova v. Connecticut Gen. Life Ins. Co.*, 92 F.3d 81, 86 (1996). The moving party bears the initial burden of "informing the ... court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (quoting FED. R. CIV. 56(c)). The initial burden is to demonstrate "that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325, 106 S.Ct. 2548.

Once the moving party has met its burden, the non-moving party must come forward with specific facts showing that there is a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 322, 106 S.Ct. 2548; *Matsushita*, 475 U.S. at 585–86, 106 S.Ct. 1348. A dispute regarding a material fact is genuine if a reasonable jury could return a verdict for the non-moving party; that is, whether the non-movant's case, if proved at trial, would be sufficient to survive a motion for judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250–51, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). When reasonable minds, however, could not differ as to the import of the evidence, then summary judgment is proper. *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir.), *cert. denied*, 502 U.S. 849, 112 S.Ct. 152, 116 L.Ed.2d 117 (1991).

Although the trial court must resolve all ambiguities and draw all inferences in favor of that party against whom summary judgment is sought, *Ramseur v. Chase Manhattan Bank*, 865 F.2d 460, 465 (2d Cir.1989); *Eastway Constr. Corp. v. City of New York*, 762 F.2d 243, 249 (2d Cir. 1985) *cert. denied*, 484 U.S. 918, 108 S.Ct. 269, 98 L.Ed.2d 226 (1987), the motion will not be defeated by a non-movant who raises merely a "metaphysical doubt" concerning the facts or who only offers conjecture or surmise. *Delaware & H.R. Co. v. Consolidated Rail Corp.*, 902 F.2d 174, 178 (2d Cir.1990), *cert. denied*, 500 U.S. 928, 111 S.Ct. 2041, 114 L.Ed.2d 125 (1991) (quoting *Matsushita*, 475 U.S. at 586, 106 S.Ct. 1348); *see also Western World Ins. Co. v. Stack Oil, Inc.*, 922 F.2d 118, 121 (2d Cir. 1990). Indeed, the non-moving party's opposition may not rest on mere allegations or denials of the moving party's pleading, but "must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. 56(e).

## C. Exhaustion of Administrative Remedies

As a threshold matter, Defendants argue that Plaintiff's claims should be dismissed for failure to exhaust its administrative remedies. Specifically, Defendants contend that Plaintiff should have pursued a land variance from the Zoning Board and, if necessary, commence an Article 78 proceeding in state court prior to initiating the instant action in federal court.

■ Absent statutory direction to the contrary, the exhaustion of administrative remedies is not a prerequisite to bringing an action pursuant to 42 U.S.C. § 1983. *See Jones v. New York State Div. of Military and Naval Affairs*, 166 F.3d 45, 54 (2d Cir.1999) (citing *Patsy v. Board of Regents*, 457 U.S. 496, 516, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982) ("[E]xhaustion of state administrative remedies should not be required as a prerequisite to bringing an action pursuant to [42 U.S.C. § 1983].")); *Front Royal and Warren County Indus. Park Corp. v. Town of Front Royal*, 135 F.3d 275, 283 n. 3 (4th

Cir.1998); *Wilbur v. Harris*, 53 F.3d 542, 544 (2d Cir.1995); *see also Torsoe Bros. Constr. Corp. v. The Architecture and Community Appearance Bd. of Review for the Town of Orangetown*, 120 A.D.2d 738, 502 N.Y.S.2d 787, 788 (2d Dep't 1986) (noting that an "[A]rticle 78 proceeding is not the proper vehicle to challenge the constitutionality of legislative enactments"). Moreover, New York courts have recognized that exhaustion of administrative remedies is not required in cases where "an agency's action is challenged as either unconstitutional or wholly beyond its grant of power, or when resort to an administrative remedy would be futile, or when its pursuit would cause irreparable injury." *Watergate II Apartments v. Buffalo Sewer Auth.*, 46 N.Y.2d 52, 57, 412 N.Y.S.2d 821, 385 N.E.2d 560 (1978) (citations omitted). Plaintiff's challenge to the constitutionality of Section 506 squarely fits within this exception. *See, e.g., 360 Jericho Turnpike Assocs. v. Incorporated Village of Mineola*, 690 N.Y.S.2d 278, 279 (2d Dep't 1999); *Polak v. Kavanah*, 48 A.D.2d 840, 368 N.Y.S.2d 563, 565 (2d Dep't 1975) ("[W]here ... the contention is that the ordinance is ... unconstitutional ... no useful purpose can be served by requiring plaintiffs to proceed under the ordinance.").

■ Here, Plaintiff's used automobile business is clearly not a "permitted use" under Section 506. Additionally, it is unlikely that Plaintiff would have been successful in obtaining a use variance based on unnecessary hardship because it purchased the property with actual or constructive knowledge of any applicable zoning restrictions and, thus, any alleged hardship arising from the Town's enforcement of those restrictions would arguably be viewed as self-created. *See* N.Y. TOWN LAW § 267–b(2)(b) (McKinney's 1999) (Cumulative Pocket Part); *McGlasson Realty, Inc. v. Town of Patterson Bd. of Appeals*, 234 A.D.2d 462, 651 N.Y.S.2d 131, 132 (2d Dep't 1996) ("A prospective purchaser of property is chargeable with knowledge of the applicable restrictions of the zoning law and is bound by them and by the facts and circumstances which can be learned by the exercise of reasonable diligence, even where there are harsh results."), *leave to appeal denied*, 89 N.Y.2d 812, 657 N.Y.S.2d 404, 679 N.E.2d 643 (1997); *Long Island Leasing Corp. v. Casey*, 138 A.D.2d 596, 526 N.Y.S.2d 768, 768 (2d Dep't 1988); *Carriage Works Enters., Ltd. v. Siegel*, 118 A.D.2d 568, 499 N.Y.S.2d 439, 440 (2d Dep't 1986) ("One who knowingly acquires land for a use prohibited by a zoning ordinance may not thereafter obtain a variance on the ground of hardship; otherwise stated, a zoning board may not grant a variance to relieve a self-created hardship."). Accordingly, Plaintiff was not required to exhaust its administrative remedies prior to initiating the present action in federal court.

## D. Equal Protection Claim

Plaintiff first argues that Section 506, as applied to Goldstar, violates the Equal Protection Clause. Specifically, Plaintiff contends that Section 506 is facially discriminatory because it distinguishes based on the identity of the land user and the type of automobiles sold by the land user. *See* Pl. Mem. of Law at 7–8. In response, Defendants advance two arguments. First, Defendants argue that they are statutorily authorized to regulate the sale of used automobiles, *see* N.Y. TOWN LAW § 136(1), and that Section 506 is rationally related to the Town's legitimate zoning objectives. Second, Defendants argue that Plaintiff was not treated differently than other similarly situated used automobile establishments. *See* Defs. Mem. of Law at 8–11.

A state and its instrumentalities may not deny "any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV. "At its core, equal protection prohibits the government from treating similarly situated persons differently." *Sound Aircraft Servs., Inc. v. Town of East Hampton*, 192 F.3d 329, 335 (2d Cir. 1999) (citing *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439, 105 S.Ct.

3249, 87 L.Ed.2d 313 (1985)); *Brady v. Town of Colchester,* 863 F.2d 205, 216 (2d Cir.1988) ("To state an equal protection claim, a plaintiff must charge a governmental officer 'not only with deliberately interpreting a statute against the plaintiff, but also with singling him out alone for that misinterpretation.' ") (quotation omitted).

■ "Generally, a municipal zoning ordinance is presumed to be valid," and the ordinance will be held constitutional "if its wisdom is at least fairly debatable and it bears a rational relationship to a permissible state objective." *Greene v. Town of Blooming Grove,* 879 F.2d 1061, 1063 (2d Cir.1989) (citing *City of Cleburne,* 473 U.S. at 440, 105 S.Ct. 3249); *see also Ultimate Custom Cycles, Inc. v. Town of Greenburgh,* 1999 WL 135201, at *7 (S.D.N.Y. Mar.11, 1999) ("Zoning is a quasi-legislative function, and, therefore, zoning decisions are reviewed to determine whether the classifications drawn by the regulations are rationally related to a legitimate interest of the state of municipality.") (citing *Schweiker v. Wilson,* 450 U.S. 221, 230, 101 S.Ct. 1074, 67 L.Ed.2d 186 (1981)); *Simon v. Town of Dryden,* 1989 WL 103743, at *3 (N.D.N.Y. Aug.28, 1989) ("It is beyond peradventure that, because zoning is a legislative act, zoning ordinances enjoy a strong presumption of constitutionality and that the party challenging a zoning ordinance bears a very heavy burden in overcoming that presumption.").

■ A zoning ordinance will be upheld unless it is " 'clearly arbitrary and unreasonable, having no substantial relationship to the public health, safety, morals or general welfare.' " *Ultimate Custom Cycles,* 1999 WL 135201, at *7 (quoting *Village of Euclid v. Ambler Realty Co.,* 272 U.S. 365, 385, 47 S.Ct. 114, 71 L.Ed. 303 (1926)); *see also Restigouche, Inc. v. Town of Jupiter,* 59 F.3d 1208, 1214 (11th Cir.1995) ("As long [as] there is [a] 'plausible, arguably legitimate purpose' for the application of the [municipal ordinance] … summary judgment [in favor of municipality] is appropriate unless [plaintiff] can

demonstrate that the Town could not possibly have relied on that purpose.") (quotation omitted); *Bannum, Inc. v. City of St. Charles,* 2 F.3d 267, 271 (8th Cir.1993) (noting that a plaintiff challenging the constitutionality of a zoning ordinance under the Equal Protection Clause must demonstrate that "the zoning ordinance is 'so unrelated to the achievement of any combination of legitimate purposes that we can only conclude that the legislature's actions were irrational.' ") (quotation omitted). Legitimate zoning objectives include "[t]he preservation of the character and integrity of single-family neighborhoods, prevention of undue concentration of population, prevention of traffic congestion and maintenance of property values." *Nelson v. City of Selma,* 881 F.2d 836, 839 (9th Cir.1989) (citing *Village of Belle Terre v. Boraas,* 416 U.S. 1, 9, 94 S.Ct. 1536, 39 L.Ed.2d 797 (1974)); *see also Restigouche, Inc.,* 59 F.3d at 1214 (noting that "maintenance of community aesthetics is a legitimate government purpose"); *Corn v. City of Lauderdale Lakes,* 997 F.2d 1369, 1387 (11th Cir. 1993) (noting that "noise, traffic, congestion, safety, aesthetics, valuation of adjoining land, and effect on city services" constitute rational and permissible bases for land use restrictions), *cert. denied,* 511 U.S. 1018, 114 S.Ct. 1400, 128 L.Ed.2d 73 (1994); *Shelton v. City of College Station,* 780 F.2d 475, 484 (5th Cir.), *cert. denied,* 477 U.S. 905, 106 S.Ct. 3276, 91 L.Ed.2d 566 (1986); *Ultimate Custom Cycles, Inc.,* 1999 WL 135201, at *7; *Town of Dryden,* 1989 WL 103743, at *4. Such legitimate purposes may be shown by "reasonable inferences from specific testimony of individuals, local studies, or the experiences of other cities." *SDJ, Inc. v. City of Houston,* 837 F.2d 1268, 1274 (5th Cir.1988), *cert. denied sub nom., M.E.F. Enters., Inc. v. City of Houston,* 489 U.S. 1052, 109 S.Ct. 1310, 103 L.Ed.2d 579 (1989). Because federal courts "do not sit as zoning appeal boards, great deference must be accorded legislative determinations of a community's needs and its responses to problems, potential or otherwise," *Town of*

*Dryden,* 1989 WL 103743, at \*3; *see also DLC Management Corp. v. Town of Hyde Park,* 163 F.3d 124, 131 (2d Cir.1998); *Zahra v. Town of Southold,* 48 F.3d 674, 679–80 (2d Cir.1995); *RRI Realty Corp. v. Incorporated Village of Southampton,* 870 F.2d 911, 918 (2d Cir.), *cert. denied,* 493 U.S. 893, 110 S.Ct. 240, 107 L.Ed.2d 191 (1989), and a federal court will not " 'sift through the record to determine whether policy decisions are squarely supported by a firm factual foundation.' " *Town of Blooming Grove,* 879 F.2d at 1064 (quotation omitted); *Horizon Concepts, Inc. v. City of Balch Springs,* 789 F.2d 1165, 1167 (5th Cir.1986).

■ Here, the challenged ordinance permits the sale of "franchised or factory authorized motor vehicles," and "used automobiles only if incidental to new sales of same." Pl. Mem. of Law at 15 (excerpt of Section 506). While Section 506 permits a business selling new automobiles to make *incidental* sales of used automobiles, it prohibits *all* businesses comprised *entirely* of used automobile sales. Because Plaintiff's intention to sell only used automobiles places it in a different class than those land users that primarily sell new automobiles, Goldstar is not "similarly situated" with those new automobile sellers. Thus, Plaintiff has failed to show that it was being treated differently than other land users that exclusively sell used automobiles. Notably, the distinction drawn by the Town between new and used automobiles is consistent with Town Law § 136(1), which permits a municipality to regulate the sale of second-hand automobiles.

■ The Court also finds that Section 506 passes constitutional muster based on the Town's stated objectives. Defendants have submitted the affidavit of George Hansen, Chairman of the Zoning Board of Appeals for the Town of Halfmoon. Hansen was also a member of the Town's Master Planning Committee and its Zoning Revision Committee. Having served in these varying capacities since 1986, Hansen is familiar with the zoning of the Town, and, specifically, zoning issues relevant to used automobile businesses that operated within the Town. *See* Affidavit of George Hansen ("Hansen Aff."), at ¶ 1. In his affidavit, Hansen states that Section 506 was enacted based on the numerous environmental and safety concerns prevalent in past used automobile businesses that operated in the Town. Specifically, Hansen states that, historically, used car sale lots have not adhered to environmental protections concerning "pavement and protection of storm water runoff [and] the use of oil/water separators." *Id.* at 5. Hansen further states that used cars more typically leak fluids, and used car lots generally lack the maintenance facilities present in new car lots or car rental agencies that deal with fluid runoff. *Id.* Hansen further states that used car lots have contributed to the proliferation of junk cars and spare parts that cause pollution and "detract[ ] from [the] general welfare of the community." *Id.* An increased turnover in used car lots within the Town has also "accentuate[d] environmental concerns and concerns over the protection and preservation of property within the Town." *Id.* Hansen also states that the Town has experienced safety concerns in the past in connection with the operation of used car lots. These include "an absence of trash receptacles, compactors or trash bins, [and] an absence of sanitary facilities." *Id.* Hansen also asserts that the environmental and safety concerns associated with used car lots are not present in new car lots or rental car agencies that "typical[ly] have considerable structures under carefully controlled site plan provisions [that] carefully assess[ ] environmental impact and concerns for public safety." *Id.* at ¶ 6.

■ The Court finds that Defendants have articulated a legitimate purpose for the ordinance, and that the ordinance is rationally related to the Town's legitimate interest in addressing various environmental and safety concerns associated with used car lots. Based on its past experiences, the Town could reasonably have

determined that zoning the C–I Commercial District to preclude used automobile lots would reduce these concerns. Notably, Plaintiff has not disputed the validity of the Town's concerns. Moreover, although Plaintiff contends that the Town could address its concerns by alternative means, a zoning ordinance will not be held unconstitutional under the rational basis standard when it "is not made with mathematical nicety or because in practice it results in some inequality." *Heller v. Doe,* 509 U.S. 312, 321, 113 S.Ct. 2637, 125 L.Ed.2d 257 (1993) (quoting *Lindsley v. Natural Carbonic Gas Co.,* 220 U.S. 61, 78, 31 S.Ct. 337, 55 L.Ed. 369 (1911)); *see also Schweiker,* 450 U.S. at 235, 101 S.Ct. 1074 ("As long as the classificatory scheme chosen ... rationally advances a reasonable and identifiable governmental objective, we must disregard the existence of other methods of allocation that we, as individuals, perhaps would have preferred."); *Pinnacle Nursing Home v. Axelrod,* 928 F.2d 1306, 1317 (2d Cir.1991) ("[G]overnment regulation in the area of economics and social welfare 'carries with it a presumption of rationality that can only be overcome by a clear showing of arbitrariness and irrationality.'") (quoting *Hodel v. Indiana,* 452 U.S. 314, 331–32, 101 S.Ct. 2376, 69 L.Ed.2d 40 (1981)). Accordingly, because Section 506 is rationally related to legitimate state interests, and because Plaintiff has raised no triable issues of fact, the Court dismisses Plaintiff's Equal Protection claim.

### E. Due Process Claim

"To state a claim under the Fourteenth Amendment for deprivation of a property right without due process of law in the context of a zoning dispute, [Plaintiff] must establish that he has a protectible property interest as defined by state law." *Town of Blooming Grove,* 879 F.2d at 1064 (citing *Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972)). In determining whether a property interest in a particular land use has vested sufficient to give rise to a substantive due process

claim under the Fourteenth Amendment, the Second Circuit applies a "strict entitlement" test. *See DLC Management Corp.,* 163 F.3d at 130 (citing *RRI Realty Corp.,* 870 F.2d at 917–18); *Ultimate Custom Cycles, Inc.,* 1999 WL 135201, at *6. This test "focuses primarily on the 'degree of official discretion and not on the probability of its favorable exercise.'" *Town of Blooming Grove,* 879 F.2d at 1065 (citing *RRI Realty Corp.,* 870 F.2d at 918).

Contrary to Plaintiff's argument, land ownership alone does not create a legal entitlement sufficient to trigger Fourteenth Amendment protection. *See DLC Management Corp.,* 163 F.3d at 131. Section 506, which existed at the time Plaintiff entered into a lease for the Site, prohibits a land user from operating a used automobile business in the C–I Commercial District. Thus, Plaintiff cannot reasonably claim that he was not on notice that his proposed used automobile business was not a "permitted use" under Section 506. Moreover, Plaintiff does not dispute that it was within the broad discretion of the Zoning Board to deny Plaintiff's petition. Based on these circumstances, Plaintiff cannot establish a legal entitlement to operate its used automobile business when such use was clearly prohibited by law prior to the time it executed the lease for the Site. Significantly, Plaintiff does not contend, nor does the record reflect, that it undertook substantial construction or made substantial expenditures after leasing the Site sufficient for a property right to vest. *See DLC Management Corp.,* 163 F.3d at 131. Accordingly, the Court finds that Plaintiff lacks a property interest sufficient to sustain a substantive due process claim.

### III. CONCLUSION:

For all of the foregoing reasons, Plaintiff's motion for summary judgment is DENIED, and Defendants' cross-motion for summary judgment is GRANTED, dis-

missing Plaintiff's Complaint in its entirety.

**IT IS SO ORDERED.**