In the Matter of MILBURN HOMES, INC., Appellant, v FRANK TROTTA et al., Respondents. [776 NYS2d 312]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Brookhaven dated May 15, 2002, which, after a hearing, denied the petitioner's application for area variances, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Underwood, J.), entered January 3, 2003, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Judicial review of the determination of a local zoning board is limited to determining whether the action taken by the board was illegal, arbitrary, or an abuse of discretion (see Matter of Ifrah v Utschig, 98 NY2d 304, 308 [2002]; Matter of Sasso v Osgood, 86 NY2d 374, 384 [1995]; Matter of Elide Bldg. Corp. v Allocco, 4 AD3d 426 [2004]). Accordingly, a determination of a zoning board will be sustained if it has a rational basis and is supported by substantial evidence (see Matter of Ifrah v Utschig, supra; Matter of DiPaci v Zoning Bd. of Appeals Vil. of Upper Nyack, 4 AD3d 354 [2004]).

The petitioner, as an owner of a "single and separate" parcel that was less than 60 feet wide, did not qualify for an exemption from current zoning requirements pursuant to Brookhaven Town Code § 85-372 (hereinafter the Code). Thus, although the petitioner purchased the parcel in 1988, it was subject to the more restrictive area provisions of the Code pursuant to the 1999 amendment which necessitated an application for area variances in order to build (see Matter of Khan v Zoning Bd. of Appeals of Vil. of Irvington, 87 NY2d 344, 350 [1996]). We agree with the Supreme Court that the respondent properly denied the requested area variances. The granting of the variances would have resulted in the creation of a uniquely substandard lot with substantially less than the required lot area, frontage, front yard, and total side yard setback areas (see Matter of DiPaci v Zoning Bd. of Appeals Vil. of Upper Nyack, supra; Matter of Four M Constr. Corp. v Fritts, 151 AD2d 938 [1989]), and would have produced an undesirable change in the character of

the neighborhood (*see* Town Law § 267-b [3] [b]; *Matter of Sasso v Osgood, supra*). "Although the petitioner is unable to develop the property without the requested variances, the record reveals 'that strict application of the zoning ordinance was necessary to promote and protect the public health, safety and welfare and that the need to promote the public good outweighed any injury to the petitioner' " (*Matter of Allt v Zoning Bd. of Appeals of Town of Hyde Park,* 255 AD2d 311 [1998], quoting *Matter of Sakrel, Ltd. v Roth,* 182 AD2d 763, 764 [1992]).

The petitioner also failed to prove that the application of the respondent's zoning ordinance to its property constituted an unconstitutional taking without compensation (*see Matter of Allt v Zoning Bd. of Appeals of Town of Hyde Park, supra; Matter of Sakrel, Ltd. v Roth, supra; Matter of Kransteuber v Scheyer,* 176 AD2d 724 [1991], *affd* 80 NY2d 783 [1992]).

The respondent's determination is supported by a rational basis and substantial evidence and should not be disturbed (*see Matter of Elide Bldg. Corp. v Allocco, supra; Matter of DiPaci v Zoning Bd. of Appeals of Vil. of Upper Nyack, supra; Matter of Kuhlman v Board of Zoning Appeals of Town of Brookhaven,* 305 AD2d 683 [2003]). Ritter, J.P., S. Miller, Adams and Cozier, JJ., concur.