■ In the Matter of WILLIAM J. IMHOF, Appellant, v ZONING BOARD OF APPEALS OF TOWN OF ISLIP, Respondent. [789 NYS2d 54]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Islip, dated June 3, 2003, which, after a hearing, denied the petitioner's application for two area variances, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Klein, J.), entered January 9, 2004, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Local zoning boards have broad discretion in considering applications for variances, and judicial review is limited to determining whether the action taken by the board is illegal, arbitrary, or an abuse of discretion (*see Matter of Scimone v Humenik*, 1 AD3d 370, 371 [2003]; *Matter of Inlet Homes Corp. v Zoning Bd. of Appeals of Town of Hempstead*, 304 AD2d 758 [2003], *affd* 2 NY3d 769 [2004]). Thus, the determination of a zoning board must be sustained upon judicial review if it has a rational basis and is supported by substantial evidence (*see Matter of Ifrah v Utschig*, 98 NY2d 304, 308 [2002]; *Matter of Sasso v Osgood*, 86 NY2d 374, 384-385 [1995]).

Contrary to the petitioner's contention, the respondent's denial of his application is supported by the record and was not arbitrary or capricious. The respondent properly considered the factors set forth in Town Law § 267-b (3). The record shows that the requested area variances were substantial, the granting of those variances would have an undesirable effect on the character of the relevant neighborhood, and the petitioner's alleged difficulty was self-created (*see* Town Law § 267-b [3]; *Matter of Ifrah v Utschig, supra*).

In light of this determination, we need not reach the petitioner's remaining contention. Florio, J.P., Schmidt, Adams and Cozier, JJ., concur.