◼ In the Matter of MICHAEL MANGAN et al., Appellants, v JOSEPH CIANCIULLI et al., Respondents. [798 NYS2d 907]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Yonkers Zoning Board of Appeals dated April 23, 2004, which, after a hearing, denied the petitioners' application for an area variance, the petitioners appeal from a judgment of the Supreme Court, Westchester County (Lippman, J.), entered August 12, 2004, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Local zoning boards are vested with broad discretion in considering applications for variances, and judicial review of their determinations is limited to whether the action taken was illegal, arbitrary and capricious, or an abuse of discretion (*see Matter of Imhof v Zoning Bd. of Appeals of Town of Islip,* 13 AD3d 626 [2004]; *Matter of Scimone v Humenik,* 1 AD3d 370 [2003]). A zoning board's determination will be upheld if it has a rational basis and is supported by substantial evidence (*see Matter of Ifrah v Utschig,* 98 NY2d 304, 308 [2002]; *Matter of*

*Blattner v Zoning Bd. of Appeals of Town of Mount Pleasant, N.Y.,* 17 AD3d 360 [2005]).

Contrary to the petitioners' contention, the record demonstrates that the Yonkers Zoning Board of Appeals engaged in the requisite balancing of interests and considered the appropriate factors set forth in General City Law § 81-b (4) (b) in determining the variance application (*see Matter of Sasso v Osgood,* 86 NY2d 374, 384-385 [1995]; *Matter of CFS Realty Corp. v Board of Zoning Appeals of Town of N. Hempstead,* 7 AD3d 705 [2004]). Moreover, since the determination denying the application was rational and supported by substantial evidence, the Supreme Court properly denied the petition and dismissed the proceeding (*see generally Matter of Inlet Homes Corp. v Zoning Bd. of Appeals of Town of Hempstead,* 2 NY3d 769 [2004]; *Matter of Pecoraro v Board of Appeals of Town of Hempstead,* 2 NY3d 608, 614 [2004]; *Matter of Ifrah v Utschig, supra; Matter of Blattner v Zoning Bd. of Appeals of Town of Mount Pleasant, supra*).

Similarly, the petitioners failed to establish that the application of the zoning ordinance to their property constituted an unconstitutional taking without compensation (*see Matter of Khan v Zoning Bd. of Appeals of Vil. of Irvington,* 87 NY2d 344, 352 [1996]; *Matter of Milburn Homes v Trotta,* 7 AD3d 531 [2004]; *Matter of Allt v Zoning Bd. of Appeals of Town of Hyde Park,* 255 AD2d 311 [1998]). Schmidt, J.P., Adams, Mastro and Fisher, JJ., concur.